UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO LLC, a California Limited Liability corporation; ZONE SPORTS CENTER, LLC, a California Limited Liability corporation; THE FINE IRISHMAN, LLC, a California Limited Liability corporation; MILTON BARBIS, an individual; HEIDI BARBIS, an individual; HEIDI BARBIS, as guardian at litem for CLAIRE BARBIS, a minor,<br><br>    Plaintiffs,<br><br>        v.<br><br>BEN RODRIGUEZ, an individual; BRENDAN RHAMES, an individual; GEORGEANE WHITE, an individual; THE CITY OF FRESNO, a California municipality; and DOES 1-100, inclusive,<br><br>    Defendants. | 1:11-cv-00622 OWW SKO<br><br>MEMORANDUM DECISION REGARDING DEFENDANT RHAMES' AND DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS (DOC. 10) AND DEFENDANT RODRIGUEZ'S MOTION TO DISMISS (DOC. 11) PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 9) |

I. <u>INTRODUCTION.</u>

Plaintiffs Fresno Rock Taco LLC; Zone Sports Center, LLC; The Fine Irishman LLC; Milton Barbis, Heidi Barbis, and Heidi Barbis as guardian at litem for Claire Barbis ("Plaintiffs") are proceeding with this civil rights action pursuant to 42 U.S.C. §

1

1983.  Plaintiffs filed a first amended complaint ("FAC") on May 18, 2011.  (Doc. 9)

Defendants Brendan Rhames and the City of Fresno filed a motion to dismiss the FAC on June 1, 2011.  (Doc. 10).  Defendant Ben Rodriguez filed a separate motion to dismiss the FAC on June 30, 2011 (Doc. 11).  Plaintiffs filed oppositions to both Defendants' motions on July 18, 2011.  (Doc. 12).

## II. BACKGROUND

Plaintiffs' FAC contains allegations regarding three defendants: State of California, Department of Insurance employee Paul Rodriguez ("Rodriguez"); Fresno Police Department Detective Brendan Rhames ("Rhames"), and the City of Fresno ("Fresno") relating to searches conducted on May 28, 2009.

All Plaintiffs allege, pursuant to 42 U.S.C. § 1983, an unreasonable search and seizure in violation of their Fourth Amendment rights against both Rodriguez and Rhames.  (FAC at 9).  Plaintiffs Milton, Heidi, and Claire Barbis also assert a violation of Plaintiffs' Fourteenth Amendment rights to due process against Defendants Rodriguez and Rhames.  (FAC at 11).  Finally, all Plaintiffs assert a Monell Claim for improper policies and practices against Defendant Fresno.  (FAC at 12).

All Plaintiffs assert a *Franks* violation by Defendants Rodriguez and Rhames relating to the affidavit submitted in support of the search warrants executed on Plaintiffs' businesses

2

and home. (FAC at 9). Plaintiffs claim that Rodriguez gave false information in support of the search warrant, and that Rhames provided false information and misrepresentations to the Affiant to use in the Statement of Probable Cause. (FAC at 9). In support of this claim, Plaintiffs point to denials, under penalty of perjury, by Mr. Alex Costa ("Costa") and Mr. Roger Brown ("Brown") that they ever told Defendants many of the statements contained in the Statement of Probable Cause. (FAC at 5-6). Plaintiffs further contend that Defendants Rodriguez and Rhames also seized items outside the scope of the search warrant and returned the items seized to Kirk Vartanian ("Vartanian"), who had no right to the items. (FAC 4-5).

Plaintiffs Milton, Heidi, and Claire Barbis also claim a violation of their Fourteenth Amendment right to due process. (FAC at 11). These Plaintiffs allege that during the search of their home they were threatened by Defendants (including a statement by one Defendant referring to his flashlight as his "Kill Stick"), confined for many hours, and were not free to leave. (FAC at 4-5). These Plaintiffs also claim that because of the disputed warrants, the search and seizures deprived them of their liberty and property without due process. (FAC at 11).

Finally, Plaintiffs allege a Monell Claim against the City of Fresno. (FAC at 12). Plaintiffs claim that Fresno failed to properly train Defendant Rhames in procedures for investigating

3

insurance fraud crimes.  (FAC at 13)  Plaintiffs also contend that City of Fresno had a policy and procedure of not supervising officers who were assigned to insurance fraud crimes and had no procedure in place to check the validity of crime reports from such officers or to instruct officers as to the care and protection of children during a search and seizure of their home. (FAC at 13).

## III. <u>STANDARD OF DECISION</u>

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.2002).  To survive a motion to dismiss, a complaint must "contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a

4

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'

*Id.* (citing *Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While the standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## IV. DISCUSSION

### A.   Standing

All Defendants have made a 12(b)(6) motion to dismiss claiming that Plaintiffs Fresno Rock Taco, LLC; Zone Sports Center, LLC; The Fine Irishman, LLC; Milton Barbis; and Heidi Barbis have no standing to bring this suit.  (Doc. 10 at 4; Doc.

11-1 at 9). Defendants Rhames and City of Fresno also initially included Plaintiff Claire Barbis in their motion on this ground, but did not pursue this claim. Defendants contend that Plaintiffs', excluding Claire Barbis, filing for Chapter 7 bankruptcy resulted in their causes of action becoming the property of their bankruptcy estate. Defendants argue only the bankruptcy Trustee has standing to bring this suit.

Plaintiffs counter that the bankruptcy Trustee has examined these claims and has determined, for bankruptcy estate purposes, they have no value and has abandoned them, resulting in the claims re-vesting to the Plaintiffs. Plaintiffs also argue that they were not aware of their potential claims until after they filed bankruptcy petitions. Additionally, Plaintiffs claim that even if this were not the case, Claire Barbis would still have standing to bring her claims as she never filed for bankruptcy. Finally, Plaintiffs contest that although Milton and Claire Barbis stated that they were referred to as the Plaintiff LLCs in their bankruptcy petition, the Plaintiff LLCs never declared bankruptcy and still have standing to bring their claims.

"An 'estate' is created when a bankruptcy petition is filed." *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001); 11 U.S.C. § 541(a). The property of the bankruptcy estate includes causes of action that accrue before the claimant declares bankruptcy. *Sierra Switchboard co. v. Westinghouse Electric Corp.*, 789 F.2d

705, 707-709 (9th Cir. 1986).  A § 1983 cause of action accrues at the time that, "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  A Chapter 7 debtor may only bring a cause of action if the debtor can show either 1) the action was not subject to the bankruptcy or 2) was abandoned by the bankruptcy trustee.  Otherwise the claim belongs to the bankruptcy estate and only the Trustee has standing to litigate the cause of action.  *Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447, 1453 (9th Cir. 1996).

A debtor *must* disclose any litigation likely to arise to the bankruptcy Trustee so that it may become a part of the bankruptcy estate.  Failure to do so, or asserting a lack of any claim, may result in the debtor being judicially estopped from litigating the claim in a non-bankruptcy forum.  *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir. 1992). However, the Ninth Circuit only recognizes judicial estoppel when the Bankruptcy Court relied on the assertion that the debtor did not intend to bring any litigation, and the litigation would result in a windfall to the debtor against her creditors.  *Donato v. Metropolitan Life Insurance Co.*, 230 B.R. 418, 421 (N.D. Cal. 1999) (citing *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir. 1990)).

In *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) the

plaintiff sought to bring an action for unpaid royalties. However, the plaintiff had previously filed for bankruptcy and had not informed the Court in the bankruptcy proceedings of this cause of action, which had accrued prior to filing his petition for bankruptcy. *Id.* at 948. By the time of his suit for unpaid royalties, plaintiff's bankruptcy proceedings had been closed without the cause of action having been examined or administered for the benefit of any of the plaintiff's debts. *Id.* Normally this would result in the unadministered asset (the claim) being technically abandoned and reverting back to the plaintiff-debtor. *Id.* at 945. However, because the bankruptcy estate did not have the opportunity to examine the claim, the asset (claim) continues to belong to the bankruptcy estate and does not revert to the plaintiff-debtor. *Id.* at 946. The plaintiff had no standing to bring that particular claim.

Defendants contend that the actions alleged in the FAC should have put Plaintiffs on notice of their claims well before their bankruptcy petition, and that those claims accrued before the filing of the bankruptcy petition, as in *Cusano*. Also like *Cusano*, the Plaintiffs bankruptcy estate closed prior to the filing of their complaint. Defendants argue that, like the plaintiff's claim in *Cusano*, the Plaintiffs' cause of action here was not technically abandoned and did not revert back to them, but, rather, still belongs to the bankruptcy estate, making the

Trustee the only person with standing to bring any claims.

Furthermore, because Plaintiffs never listed their potential claims on their bankruptcy petition nor informed the Trustee of the potential litigation, Defendant City of Fresno contends that Plaintiffs should be judicially estopped from bringing their claims outside of a bankruptcy forum.  *See Hay* 978 F.2d 555, 557 (holding that a debtor's failure to inform the bankruptcy estate of potential causes of actions precluded him from bringing those claims against a former creditor outside of a bankruptcy proceeding).

Plaintiffs oppose the Defendants' position.  Plaintiffs contend that the bankruptcy estate does not own their action.  To prove this, Plaintiffs must show that the cause of action is either exempt from the bankruptcy proceedings, or was abandoned by the Trustee.  *Rowland* 949 F. Supp. 1447, 1453.  Plaintiffs do not contend that the cause of action was exempt, but rather, they claim that it was abandoned by the Trustee.  Plaintiffs point to the "United State Trustee's *Ex Parte* Motion to Reopen Case" (Doc. 12-2), dated October 20, 2010, which asks the Bankruptcy Judge to reopen the Plaintiffs' bankruptcy case after having learned of this lawsuit and another pending in the Northern District of California.  The case was reopened by U.S. Bankruptcy Judge W. Richard Lee on October 21, 2010 (Doc. 12-3).  However, after examining the claim, the U.S Trustee found, in his "Notice of

Filing Report of No Distribution" ("Notice"), filed April 16, 2011 (Doc. 12-4) that there were no funds to distribute and that the estate had been fully administered.  The Notice also provided an objection period for interested parties to request a hearing.  No objection was filed and no hearing was held.  Plaintiffs argue that this Notice abandoned the claims to the Plaintiffs.

11 U.S.C.A. § 554 governs the abandonment of estate property.  Section 554 states:

> A) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> B) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> C) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> D) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C.A. § 554.  "There is no abandonment without notice to creditors."  *Sierra Switchboard Co. v. Westinghouse Electric Co.*, 789 F.2d 705, 709.  It is uncontested that Section 554(c) above does not apply since Plaintiffs did not list their cause of action in the bankruptcy schedules.

Plaintiffs do cite a Notice which declares the claims to have no value and to be of no interest to the bankruptcy estate.

10

The Notice also provided a period during which objections could have been filed and a hearing could have been held.  No such objections were filed.  This Notice, coupled with the lack of objections, adequately served as notice and hearing, under Section 554(a), of the Trustee's abandonment of Plaintiff's claims.  *See In re Tucci*, 47 B.R. 328, 331 (Bankr. E.D.Va. 1985) (holding that a hearing is only required if an objection to the proposed abandonment is filed), *cited with approval in Sierra Switchboard Co. v. Westinghouse Electric Co.*, 789 F.2d 705, 709.

Unlike *Cusano*, the Trustee here had the opportunity to examine the Plaintiffs' claims.  The Trustee then gave notice of his decision to abandon the claims.  As such, Plaintiffs' claims did revert back to them.  Plaintiffs have standing to bring this suit.  Judicial estoppel is not here appropriate because the Bankruptcy Court relied on the Trustee's decision to abandon the claims, not the Plaintiffs' initial assertion that there were no claims.

There is no need to discuss Plaintiffs' other arguments that they lacked awareness of the existence of their claims or that neither the LLC's nor Claire Barbis filed for bankruptcy.

Defendants' motions to dismiss all claims of all Plaintiffs are DENIED.

B.   Fourteenth Amendment Due Process Claim

Defendant Rodriguez moves to dismiss Plaintiffs' Second

11

Cause of Action, alleging a Fourteenth Amendment Due Process violation. (Doc. 11-1 at 6). Defendant argues that Plaintiffs' Second Cause of Action sounds only in Fourth Amendment violations, and that, as such, the more specific Fourth Amendment standard should be applied instead of the more general substantive due process guide of the Fourteenth Amendment.

Plaintiffs argue that their second cause of action alleges both Fourth and Fourteenth Amendment violations. Plaintiffs further contend that the Fourteenth Amendment is the "only proper avenue for any claim of improper conduct as to a detainee." As Plaintiffs Milton, Heidi and Claire Barbis were held in their own home, not free to leave, and not free to leave the kitchen for long periods of time, Plaintiffs contend that they should be considered in-custody detainees.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1989) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). However, the Supreme Court has said, "In a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary

12

conscious." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, n.8 (1998).

Defendant is correct that Plaintiffs' allegations regarding the reasonableness of the Defendants' search and seizure operation must be pled under the Fourth Amendment. However, Plaintiffs do just that in ¶66 of the FAC under their Second Cause of Action.

Plaintiffs also allege that an officer threatened them and their three-year-old child with a large flash light, referring to it as his "Kill Stick". This was alleged to have caused Claire to become hysterical. A trier of fact could find such an act to be so outrageous as to shock the conscious. Plaintiffs' Second Cause of Action is sufficiently pled under both the Fourth and Fourteenth Amendments.

Defendant Rodriguez's motion to dismiss Plaintiff's Second Cause of Action is DENIED.

C.   Judicial Deception Pleading Standard

Defendant Rodriguez brings a 12(b)(6) motion to dismiss part of Plaintiffs' First Cause of Action, insofar as it alleges a *Franks* violation of their Fourth Amendment Rights based on judicial deception. Defendant argues that since Plaintiffs contend that Defendant engaged in judicial deception, the claim sounds in fraud and is thus subject to the heightened pleading standards of Rule 9(b). A standard, Defendant argues,

13

Plaintiffs' FAC does not meet. Further, Defendant claims that even if not subject to the heightened standard of Rule 9, Plaintiffs' FAC does not meet the *Iqbal* and *Twombly* standards for Rule 8.

Plaintiffs counter that the 9th Circuit has not adopted a heightened pleading standard for Constitutional tort claims and that Plaintiffs' FAC satisfies Rule 8 under current law.

When bringing a claim of Judicial Deception resulting in the violation of Fourth Amendment rights, "A § 1983 plaintiff must show that [1] the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and [2] that the falsifications were 'material' to the finding of probable cause." *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir. 2002) (citing *Hervey v. Estes,* 65 F.3d 784, 790 (9th Cir. 1995)). However, there is no heightened pleading applied to constitutional tort claims in which improper motive is an element. *Id.* at 1119.

In *Galbraith*, the Court held that Rule 9(b) does not apply to constitutional tort claims in which improper motive is an element, instead focusing on the less stringent Rule 8 standard. *Id.* at 1125. There, the plaintiff claimed that the deficient performance and lies of a coroner led to his improper arrest. *Id.* at 1126-27. In his amended complaint, the plaintiff claimed that the coroner "recklessly disregarded the truth by . . .

14

ignoring abundant evidence," claimed to do work that he had not done, and lied in his autopsy report, to investigators, and on the witness stand to cover up his incompetence.  *Id.* at 1127.  Finally, the plaintiff alleged in his amended complaint that these lies proximately caused his arrest and prosecution.  The Court found that "The amended complaint adequately alleges a Fourth Amendment violation."  *Id.* at 1127.

*Galbraith* is a pre-*Twombly* and *Iqbal* pleading case.  The Rule 8 pleading landscape has since been altered.  As in *Galbraith*, Plaintiffs allege that Rodriguez lied and deceived.  They offer sworn statements by Mr. Brown and Mr. Costa refuting statements Defendant claimed they made and included in the Statement of Probable Cause.  Bare allegations of lies and deceit met the first prong of deliberate or recklessly made false statements in the pre-*Twombly* pleading world.  Here, Plaintiff's allegations include sworn witness statements by Mr. Costa and Mr. Brown identifying specific false statements made by the Defendant.  Such a pleading satisfies both *Twombly* and *Galbraith*.

Plaintiffs advance an alternative theory; that Mr. Costa and Mr. Brown lied to Defendant Rodriguez.  Plaintiffs assert that Defendant's reliance on these statements was reckless.  Defendant argues that this assertion is a conclusion of law and does not plead sufficient facts, because both hearsay evidence and inferences are acceptable sources of information for police to

15

rely on when determining probable cause.  *See Hart v. Parks,* 450 F.3d 1059, 1066 (9th Cir. 2006).

However, Plaintiffs allege in the FAC that Defendant had no knowledge of the truthfulness of the statements he was making in reckless disregard of the truth.  Taking this factual pleading as true, a trier of fact could find Defendant's lack of good-faith belief to be a reckless disregard for the truth.  Plaintiffs allege that the Defendant falsely stated that Mr. Costa had twenty years of experience in the restaurant industry in the Statement of Probable Cause.  However, the FAC also states that Mr. Costa is only twenty-eight years old.  Taking this assertion as true also strongly supports the inference that Defendant recklessly disregarded the truth.

The plaintiff in *Galbraith* pled that the alleged false statements proximately caused his arrest.  Though causation is not specifically alleged here, many of the FAC's alleged facts give rise to the inference that Defendant's intentionally false statements or reckless disregard for the truth were material in causing the search warrant to issue and led to the detention during and alleged wrongful seizure of property under the search warrant.  For example, Plaintiffs allege that The Statement of Probable Cause lacks a credible factual basis.  Taking all Plaintiffs' factual allegations as true sufficiently pleads that the false statements were material to the determination of

16

probable cause.

Defendants' motion to dismiss the First Cause of Action is DENIED.

## V. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss Plaintiffs' Causes of Actions are DENIED.

Plaintiffs shall submit a proposed order consistent with this decision within five (5) days of electronic service of this decision.

DATED:  August 9, 2011.

                                       /s/ Oliver W. Wanger
                                              Oliver W. Wanger
                                     United States District Judge