**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRESNO ROCK TACO LLC, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BEN RODRIGUEZ, *et al.*,**<br><br>**Defendants.** | **1:11-cv-00622 LJO SKO**<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION (DOCS. 18 & 24)** |

## I. INTRODUCTION

Plaintiffs Fresno Rock Taco, LLC, Zone Sports Center, LLC, The Fine Irishman, LLC, Milton Barbis, Heidi Barbis, and Heidi Barbis as guardian *ad litem* for Claire Barbis bring this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs assert various Fourth and Fourteenth Amendment claims against Ben Rodriguez, a California Department of Insurance employee, Fresno Police Department Detective Brandon Rhames, and the City of Fresno arising out of the search of their businesses and home. First Amended Complaint ("FAC"), Doc. 9.

An August 8, 2011 Memorandum Decision denied Defendants' motion to dismiss the FAC. Doc. 17 ("8/8/11 Decision"). Among other things, Defendants argued that Plaintiffs', excluding Claire Barbis, filing for Chapter 7 bankruptcy protection resulted in their causes of action becoming property of their bankruptcy estates, meaning that only the bankruptcy Trustee has standing to bring this suit on their behalves. The district court determined that although Plaintiffs did not inform the Bankruptcy Court of their claims by including them on their schedule of assets, the Trustee did have an opportunity to examine Plaintiffs' claims but then gave notice of his decision to abandon them. As such, the claims reverted back to Plaintiffs. *Id.* at 5-10.

Moreover, because the Bankruptcy Court relied on the Trustee's decision to abandon the claims, rather than Plaintiffs' initial assertion that no such claims existed, judicial estoppel did not bar Plaintiffs from asserting their claims. *Id.* at 11.

Defendants now move for reconsideration of this ruling, arguing that Plaintiffs' counsel misled the district court into erroneously believing the instant claims had been considered by the Bankruptcy Court. Doc. 24.[1] The motion was originally calendared for November 3, 2011, but the hearing was vacated and the matter was taken under submission on the papers.

## II. PREVIOUS RULING

The starting point for analysis of Defendants' motion for reconsideration is the relevant reasoning from the 8/8/11 Decision:

> ... Defendants contend that Plaintiffs', excluding Claire Barbis, filing for Chapter 7 bankruptcy resulted in their causes of action becoming the property of their bankruptcy estate. Defendants argue only the bankruptcy Trustee has standing to bring this suit.
>
> Plaintiffs counter that the bankruptcy Trustee has examined these claims and has determined, for bankruptcy estate purposes, they have no value and has abandoned them, resulting in the claims re-vesting to the Plaintiffs. Plaintiffs also argue that they were not aware of their potential claims until after they filed bankruptcy petitions. Additionally, Plaintiffs claim that even if this were not the case, Claire Barbis would still have standing to bring her claims as she never filed for bankruptcy. Finally, Plaintiffs contest that although Milton and Claire Barbis stated that they were referred to as the Plaintiff LLCs in their bankruptcy petition, the Plaintiff LLCs never declared bankruptcy and still have standing to bring their claims.
>
> "An 'estate' is created when a bankruptcy petition is filed." *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001); 11 U.S.C. § 541(a). The property of the bankruptcy estate includes causes of action that accrue before the claimant declares bankruptcy. *Sierra Switchboard co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707-709 (9th Cir. 1986). A § 1983 cause of action accrues at the time that, "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). A Chapter 7 debtor may only bring a cause of action if the debtor can show either 1) the action was not subject to the bankruptcy or 2) was abandoned by the bankruptcy trustee. Otherwise the claim belongs to the bankruptcy estate and only the Trustee has standing to litigate the cause of action. *Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447, 1453 (9th Cir. 1996).

[1] The request for reconsideration was initially filed as an ex parte application, Doc. 18, which Plaintiffs opposed, Doc. 19. Defendants replied. Doc. 20. Defendants' ex parte application was then designated and calendared as an ordinary civil motion. Doc. 22. Defendants re-filed and re-noticed an identical motion. Doc. 24. The original opposition and reply to the ex parte application are here considered to be the opposition and reply to the re-noticed motion.

A debtor *must* disclose any litigation likely to arise to the bankruptcy Trustee so that it may become a part of the bankruptcy estate. Failure to do so, or asserting a lack of any claim, may result in the debtor being judicially estopped from litigating the claim in a non-bankruptcy forum. *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). However, the Ninth Circuit only recognizes judicial estoppel when the Bankruptcy Court relied on the assertion that the debtor did not intend to bring any litigation, and the litigation would result in a windfall to the debtor against her creditors. *Donato v. Metropolitan Life Insurance Co*., 230 B.R. 418, 421 (N.D. Cal. 1999) (citing *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990)).

In *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001) the plaintiff sought to bring an action for unpaid royalties. However, the plaintiff had previously filed for bankruptcy and had not informed the Court in the bankruptcy proceedings of this cause of action, which had accrued prior to filing his petition for bankruptcy. *Id*. at 948. By the time of his suit for unpaid royalties, plaintiff's bankruptcy proceedings had been closed without the cause of action having been examined or administered for the benefit of any of the plaintiff's debts. *Id*. Normally this would result in the unadministered asset (the claim) being technically abandoned and reverting back to the plaintiff-debtor. *Id*. at 945. However, because the bankruptcy estate did not have the opportunity to examine the claim, the asset (claim) continues to belong to the bankruptcy estate and does not revert to the plaintiff-debtor. *Id*. at 946. The plaintiff had no standing to bring that particular claim.

Defendants contend that the actions alleged in the FAC should have put Plaintiffs on notice of their claims well before their bankruptcy petition, and that those claims accrued before the filing of the bankruptcy petition, as in *Cusano*. Also like *Cusano*¸ the Plaintiffs bankruptcy estate closed prior to the filing of their complaint. Defendants argue that, like the plaintiff's claim in *Cusano*, the Plaintiffs' cause of action here was not technically abandoned and did not revert back to them, but, rather, still belongs to the bankruptcy estate, making the Trustee the only person with standing to bring any claims. Furthermore, because Plaintiffs never listed their potential claims on their bankruptcy petition nor informed the Trustee of the potential litigation, Defendant City of Fresno contends that Plaintiffs should be judicially estopped from bringing their claims outside of a bankruptcy forum. *See Hay* 978 F.2d 555, 557 (holding that a debtor's failure to inform the bankruptcy estate of potential causes of actions precluded him from bringing those claims against a former creditor outside of a bankruptcy proceeding).

Plaintiffs oppose the Defendants' position. Plaintiffs contend that the bankruptcy estate does not own their action. To prove this, Plaintiffs must show that the cause of action is either exempt from the bankruptcy proceedings, or was abandoned by the Trustee. *Rowland,* 949 F. Supp. 1447, 1453. Plaintiffs do not contend that the cause of action was exempt, but rather, they claim that it was abandoned by the Trustee. Plaintiffs point to the "United State Trustee's Ex Parte Motion to Reopen Case" (Doc. 12-2), dated October 20, 2010, which asks the Bankruptcy Judge to reopen the Plaintiffs' bankruptcy case after having learned of this lawsuit and another pending in the Northern District of California. The case was reopened by U.S. Bankruptcy Judge W. Richard Lee on October 21, 2010 (Doc. 12-3). However, after examining the claim, the U.S Trustee found, in his "Notice of Filing Report of No Distribution" ("Notice"), filed April 16, 2011 (Doc. 12-4) that there were no funds to distribute and that the estate had been fully administered. The Notice also provided an objection period for interested parties to request a hearing. No objection was filed and no hearing was held. Plaintiffs argue that this Notice abandoned the claims to the Plaintiffs.

11 U.S.C.A. § 554 governs the abandonment of estate property. Section 554 states:

> [(a)] After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> [(b)] On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> [(c)] Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
>
> [(d)] Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

> 11 U.S.C.A. § 554. "There is no abandonment without notice to creditors." *Sierra Switchboard Co. v. Westinghouse Electric Co.*, 789 F.2d 705, 709. It is uncontested that Section 554(c) above does not apply since Plaintiffs did not list their cause of action in the bankruptcy schedules.
>
> Plaintiffs do cite a Notice which declares the claims to have no value and to be of no interest to the bankruptcy estate. The Notice also provided a period during which objections could have been filed and a hearing could have been held. No such objections were filed. This Notice, coupled with the lack of objections, adequately served as notice and hearing, under Section 554(a), of the Trustee's abandonment of Plaintiff's claims. *See In re Tucci*, 47 B.R. 328, 331 (Bankr. E.D.Va. 1985) (holding that a hearing is only required if an objection to the proposed abandonment is filed), cited with approval in *Sierra Switchboard Co. v. Westinghouse Electric Co*., 789 F.2d 705, 709.
>
> Unlike *Cusano*, the Trustee here had the opportunity to examine the Plaintiffs' claims. The Trustee then gave notice of his decision to abandon the claims. As such, Plaintiffs' claims did revert back to them. Plaintiffs have standing to bring this suit. Judicial estoppel is not here appropriate because the Bankruptcy Court relied on the Trustee's decision to abandon the claims, not the Plaintiffs' initial assertion that there were no claims.
>
> There is no need to discuss Plaintiffs' other arguments that they lacked awareness of the existence of their claims or that neither the LLCs nor Claire Barbis filed for bankruptcy. Defendants' motions to dismiss all claims of all Plaintiffs are DENIED.

8/8/11 Decision at 5-10.

## III. STANDARD OF DECISION

Pursuant to Federal Rule of Civil Procedure 60(b) "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud..., misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that

justifies relief." Where none of these factors is present, the motion is properly denied. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).[2]

## IV. DISCUSSION

Defendants' motion for reconsideration invokes Rule 60(b)(3), arguing that the district court was "misled by Plaintiffs' counsel" as to certain documents presented at oral argument on the motion to dismiss. The following documents are relevant:

(1) An October 12, 2010 letter from Plaintiffs Milton and Heidi Barbis' bankruptcy attorney, Mr. Armstrong, to Plaintiffs' counsel in this matter, Mr. Hamlish. In the letter, Mr. Armstrong contends that a "$500 million" lawsuit filed in the Eastern District of California (*Zone Sports Center Inc. LLC, et al. v. Red Head, Inc., et al.*, 1:10-cv-01833 AWI SMS) by Mr. Hamlish on Plaintiffs' behalf "is property of the bankruptcy estate." Doc. 12-6. That lawsuit, which was transferred to the Northern District of California in February 2011, raises breach of contract claims and alleges that several private entities and individuals engaged in anti-competitive behavior. *See Zone Sports*, 1:10-cv-01833 AWI SMS, Docs. 1 & 40.[3]

---

[2] Motions for reconsideration are also subject to Local Rule 230(j), which requires, among other things, that movant set forth: "[W]hat new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

[3] The Court takes judicial notice of these documents, even though they were not provided by any party. *See Trigueros v. Adams*, --- F.3d ---, 2011 WL 4060503 (9th Cir. Sept. 14, 2011) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

(2) An October 20, 2010 ex parte motion to reopen the bankruptcy case filed by the United States Trustee. Doc. 12-2. This motion indicates that Debtors failed to disclose in their bankruptcy schedules "Milton Peter Barbis' interest, as a Plaintiff, in a multi-million [dollar] lawsuit pending in the United States District Court, Eastern District of California." The U.S. Trustee requested that the case be reopened and that a trustee be appointed. Doc. 12-2 at 2. The ex parte motion was granted on October 21, 2010. Doc. 12-3.

(3) An April 6, 2011 Notice of Filing Report of No Distribution, which gives all debtors notice that Trustee has fully administered the estate. Doc. 12-4. The attached Chapter 7 Trustee's Report of No Distribution makes no specific mention of any lawsuit and certifies that the estate has been fully administered. *See* Doc. 13-4.

These documents were presented in Plaintiffs' opposition to the motion to dismiss, *see* Doc. 12 - 12-6 & 13 - 13-6, and discussed at the August 1, 2011 hearing on that motion, Doc. 23 (Hg. Tr.). Defendant fails to specifically explain how Plaintiff "misled" the court in any way about the content of these documents. Defendants latch onto the following language contained in a footnote to Plaintiffs' opposition to this motion to reconsider:

> In reviewing the Court's Memorandum Decision dated August 9, 2011, at page 9:19-25, it appears that there was some confusion and the Court may be under the wrong impression as to the purpose of the Armstrong letter of October 12, 2010 and the October 20, 2010 Motion to Reopen. Both the Armstrong letter and that Motion to Reopen only concerned an action filed in the U.S. District Court for the Eastern District which was later removed to the U.S. District Court for the Northern District. The instant claim was not discovered until January 11, 2011 and therefore could not have been the subject of the October 12 letter or the October 20 motion. Hamlish notified the Trustee of this claim on or about January 14, 2011 and the Complaint filed April 16, 2011, the same date as the Notice of No Distribution.

Doc. 19 at 2-3, n.1. Defendants assert in Reply that this "wrong impression" was "caused by Plaintiffs' misrepresentations" and "leave[s] the issue of sanctions and costs under Rule 11 ... to the sound discretion of the Court." Doc. 20. Yet, Defendants nowhere demonstrate that the

---

matters at issue").

source of this "wrong impression" was anything other than innocent confusion, let alone that the prerequisites for the issuance of sanctions under Federal Rule of Civil Procedure 11 have been satisfied. Defendants have entirely failed to demonstrate that reconsideration is warranted under Federal Rule of Civil Procedure 60(b)(3), which applies only to instances of "fraud..., misrepresentation, or misconduct by an opposing party."

Alternatively, Rule 60(b)(1) permits relief from an order where there has been "mistake, inadvertence, surprise, or excusable neglect." In addition to this authority, a district court has independent (common law) power to correct its own mistakes so long as its jurisdiction continues. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001). The question then becomes, was a mistake made?

Chronologically, the first document discussed in the 8/8/11 Decision was the U.S. Trustee's 10/20/11 request to re-open the bankruptcy case based on a "multi-million [dollar] lawsuit pending in the United States District Court, Eastern District of California." Based on this document alone, the 8/8/11 Decision concluded that the U.S. Trustee "learned of this lawsuit." 8/8/11 Decision at 9. The 8/8/11 Decision does not acknowledge the content of the 10/12/10 letter from Armstrong to Hamlish, which discusses only the *Zone Sports Center* case, not the instant matter. When read together, the possibility arises that the 10/20/11 motion to re-open was, in fact, referring only to the *Zone Sports* Center case. Mr. Hamlish has submitted a declaration stating that between 10/12/11 and 10/20/11, he had independent communications with the Trustee about the claims in this case. *See* Doc. 19 at 5, 14.[4] Although Mr. Hamlish submits no documents to support his declaration, his first-person recollection of information he shared with the Trustee is not hearsay.

Even if, *arguendo*, the "multi-million dollar" lawsuit referenced in the 10/20/11 motion to

[4] Mr. Hamlish's Declaration, which is appended to the end of Plaintiff's opposition, "incorporates by reference" the entire content of his Memorandum of Points and Authorities, including a factual statement. *See* Doc. 19 at 14.

reopen included this lawsuit, it is undisputed that the motion to reopen was not served on all the creditors. In fact, Mr. Hamlish contended in a motion before the bankruptcy court that the motion to re-open was not even served on him. *See In re Milton Peter Barbis and Heidi Elizabeth Barbis*, 1:09-bk-60548-B-7F, Doc. 48 (filed Oct. 28, 2010).[5] A claim cannot be abandoned absent notice to creditors. *Sierra Switchboard Co. v Westinghouse Elec. Corp.*, 798 F.2d 705, 709 (9th Cir. 1986). The only "Notice" sent to creditors was a generic form indicating the Trustee's intent to abandon all assets of the estate along with a paragraph-long "Report" that makes no specific mention of any lawsuit. Therefore, the 8/8/11 memorandum decision was mistaken in concluding that the claim was properly abandoned. No notice of intent to abandon the instant lawsuit was ever provided to creditors under 11 U.S.C. § 554(b) and no other document in the record indicates that creditors were informed in any way of the existence of the asset (i.e. this lawsuit).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co*. 270 F.3d 778, 783 (9th Cir. 2001) (citing *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action)). Here, assuming the truth of Mr. Hamlish's assertions, Mr. Hamlish did inform the Trustee of this lawsuit, and the Trustee in turn informed the Bankruptcy Court of the asset when he moved to reopen the bankruptcy case. Does estoppel nevertheless apply because the creditors were not properly informed of the existence of the asset?

In *Hamilton*, the plaintiff/debtor was deemed to have "clearly asserted inconsistent positions," because he "failed to list his claims ... as assets on his bankruptcy schedules." *Id*. at

[5] The bankruptcy docket contains public documents that are the appropriate subject of judicial notice. *See supra*, note 3 (citing *Trigueros v. Adams*, --- F.3d ---, 2011 WL 4060503).

784. The Ninth Circuit rejected plaintiff's argument that he had informed the trustee of his pending claims against defendant:

> ...[N]otifying the trustee by mail or otherwise is insufficient to escape judicial estoppel. 11 U.S.C. § 521(1) provides that, "[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." [Plaintiff/debtor] is required to have amended his disclosure statements and schedules to provide the requisite notice, because of the express duties of disclosure imposed on him by 11 U.S.C. 521(1), and because both the court and Hamilton's creditors base their actions on the disclosure statements and schedules. *In re Coastal Plains*, 179 F.3d at 206

*Id*. The Ninth Circuit's additional reasoning is relevant:

> In this case, we must invoke judicial estoppel to protect the integrity of the bankruptcy process. The debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets. The Bankruptcy Code and Rules "impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Coastal Plains*, 179 F.3d at 207-208; *Hay*, 978 F.2d at 557; 11 U.S.C. § 521(1). The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding. *In re Coastal Plains*, 179 F.3d at 208; *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F.Supp. at 867; Fed. R. Bankr.P. 1009(a) (schedules may be amended as a matter of course before the case is closed). Hamilton's failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and Hamilton's creditors, who relied on the schedules to determine what action, if any, they would take in the matter....
>
> We agree with the Fifth Circuit's analysis in *In re Coastal Plains* when it said, "[I]t is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible, because that is the initial information upon which all creditors rely." *Id*. The *Coastal* court further defined the essence of judicial estoppel in this bankruptcy context:
>
> > The rationale for ... decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

*Id*. at 785.

Although Plaintiffs reference *Hamilton* in their opposition to this motion for reconsideration, they fail to distinguish or even acknowledge this critical language. Plaintiffs appear to cite *Hamilton* and several other cases for the proposition that if a debtor had no information that would lead him to believe he had a claim, disclosure to the Bankruptcy Court is not required. Doc. 19 at 8. Plaintiffs assert that they did not learn of facts that would support their claims in this lawsuit until January 11, 2011. *Id*. at 9. Yet, Plaintiffs readily admit that they did possess knowledge of facts to support their claims after January 11, 2011. They contend Mr. Hamlish informed the Trustee of their claims. Under *Hamilton*, Plaintiffs were required to disclose the claims to their creditors and failed to do so. Because of this failure, they are judicially estopped from pursuing their claims in this court.

One issue remains. Only Milton and Heidi Barbis filed for bankruptcy. Defendants argue that, like Milton and Heidi Barbis, Fresno Rock Taco, LLC, Zone Sports Center, LLC, and the Fine Irishman, LLC (the "LLC Plaintiffs") should be judicially estopped from bringing the present claims in this Court. *See* Doc. 15 at 5-6. The Bankruptcy Docket indicates Milton Barbis was "doing business as" all three LLC Plaintiffs. *See* 1:09-bk-60548 Docket. In addition, Plaintiffs admit that the Barbis' bankruptcy petition listed the three LLC Plaintiffs as assets of the estate with "No Cash Value." Doc. 13 at 5. Although Milton and Heidi Barbis would arguably be judicially estopped from asserting claims on behalf of the LLC Plaintiffs because the Barbis' failed to amend their own bankruptcy schedules to indicate that the LLC Plaintiffs possessed a potentially valuable asset (the claims in this case), Defendants provide no legal authority to support an extension of judicial estoppels to the LLC Plaintiffs themselves. According to their bankruptcy petition, *see* 1:09-bk-60548 Doc. 1 at Schedule B, Milton and Heidi Barbis control only 25% of the stock in each of these LLCs. (Presumably, others hold the remaining 75% interest.) The LLCs, which arguably have independent standing to bring Section 1983 civil rights

claims, *see Club Retro, LLC v. Hilton*, 568 F.3d 181, 196 (5th Cir. 2009), themselves made no representations in the bankruptcy court and therefore are not *per se* judicially estopped from bringing the claims in this case by virtue of Milton and Heidi Barbis' conduct. This ruling is without prejudice to a Federal Rule of Civil Procedure 56 challenge to the LLCs' standing based on a more complete record.

Defendants' motion for reconsideration is GRANTED IN PART AND DENIED IN PART. All claims brought by Milton and Heidi Barbis are DISMISSED WITHOUT PREJUDICE to their re-filing if the failure to disclose to the bankruptcy creditors can be cured.[6] The motion is DENIED as to all other claims brought by all other plaintiffs.

## V. CONCLUSION AND ORDER

For the reasons set forth above, Defendants' Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART.

(1) All claims brought by Milton and Heidi Barbis are DISMISSED WITHOUT PREJUDICE.

(2) The motion for reconsideration is DENIED as to all other claims brought by all other Plaintiffs.

**SO ORDERED**
**Dated: November 1, 2011**

**/s/ Lawrence J. O'Neill**
**United States District Judge**

[6] The Court expresses no opinion as to whether a cure is legally or procedurally possible.