# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONE SPORTS CENTER, LLC, et al., | Case No. 1:11-cv-00622-SKO |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| v. | |
| BEN RODRIGUEZ, | **(Doc. 88)** |
| Defendant. | **ORDER VACATING THE AUGUST 14, 2013, TRIAL** |

## I. INTRODUCTION

On March 6, 2013, U.S. District Judge Lawrence J. O'Neill granted a motion for summary judgment, upon which judgment was entered pursuant to Federal Rule of Civil Procedure 54(b). (Docs. 64, 65.) On July 1, 2013, Plaintiffs filed a "Petition for Permission to file an interlocutory appeal." (Doc. 88.) The Court permitted all parties to file an opposition to Plaintiffs' motion. Having reviewed the motion and the opposition briefs, the Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g).

For the reasons stated below, the Court DENIES as MOOT Plaintiffs' petition for certification of an interlocutory appeal and VACATES the trial and all remaining deadlines.

## II. BACKGROUND

This action was filed by Plaintiffs Fresno Rock Taco, LLC ("Rock Taco"); The Fine

Irishman, LLC (the "Fine Irishman"); Zone Sports Center, LLC ("Zone Sports");[1] minor, Claire Barbis through and by her guardian ad litem Heidi Barbis; Heidi Barbis; and Milton Peter Barbis. The complaint named defendants Ben Rodriguez; Brendan Rhames; the City of Fresno; and Georgeanne White and asserted claims pursuant to 42 U.S.C. § 1983.  (Doc. 1.)

**A.     Defendants' Motion to Dismiss the First Amended Complaint**

On May 18, 2011, Plaintiffs filed a First Amended Complaint ("FAC") which omitted Georgeanne White as a defendant.  (Doc. 9.)  Subsequently, Defendants Rhames, the City of Fresno, and Ben Rodriguez filed motions to dismiss.  (Docs. 10, 11.)  Among other things, Defendants argued that Plaintiffs' (excluding minor Plaintiff Claire Barbis) filing for Chapter 7 bankruptcy protection resulted in their causes of action becoming the property of their bankruptcy estates, and thus only the bankruptcy Trustee had standing to bring the suit on their behalf.   On August 8, 2011, the district court issued a decision denying Defendants' motion to dismiss the FAC, determining that, although Plaintiffs did not inform the Bankruptcy Court of their claims by including them on their schedule of assets, the Trustee did have an opportunity to examine Plaintiffs' claims but then gave notice of his decision to abandon those claims.  As such, the claims reverted back to Plaintiffs; because the Bankruptcy Court relied on the Trustee's decision to abandon the claims, judicial estoppel did not bar Plaintiffs from asserting their claims.

**B.     Defendants' Motion for Reconsideration**

On August 31, 2011, Defendants Rhames and the City of Fresno filed a motion for reconsideration asserting that Plaintiffs' counsel misled the district court into erroneously finding that their claims were considered by the Bankruptcy Court.  In ruling on the motion for reconsideration, the district court held, in relevant part, as follows:

> . . . Under *Hamilton*, Plaintiff were required to disclose the claims to their creditors and failed to do so.  Because of this failure, they are judicially estopped from pursuing their claims in this court.

---

[1] Collectively, Fresno Rock Taco, LLC, The Fine Irishman, LLC, and Zone Sports Center, LLC, are referred to as "the LLCs."

2

> One issue remains. Only Milton and Heidi Barbis filed for bankruptcy. Defendants argue that, like Milton and Heidi Barbis, Fresno Rock Taco, LLC, Zone Sports Center, LLC, and the Fine Irishman, LLC (the "LLC Plaintiffs") should be judicially estopped from bringing the present claims in this Court. *See* Doc. 15 at 5-6. The Bankruptcy Docket indicates Milton Barbis was "doing business as" all three LLC Plaintiffs. *See* 1:09-bk-60548 Docket. In addition, Plaintiffs admit that the Barbis' bankruptcy petition listed the three LLC Plaintiffs as assets of the estate with "No Cash Value." Doc. 13 at 5. Although <u>Milton and Heidi Barbis</u> would arguably be judicially estopped from asserting claims on behalf of the LLC Plaintiffs because the Barbis' failed to amend their own bankruptcy schedules to indicate that the LLC Plaintiffs possessed a potentially valuable asset (the claims in this case), Defendants provide no legal authority to support an extension of judicial estoppel to the LLC Plaintiffs themselves. According to their bankruptcy petition, *see* 1:09-bk-60548 Doc. 1 at Schedule B, Milton and Heidi Barbis control only 25% of the stock in each of these LLCs. (Presumably, others hold the remaining 75% interest.) The LLCs, which arguably have independent standing to bring Section 1983 civil rights claims, *see Club Retro, LLC v. Hilton*, 568 F.3d 181, 196 (5th Cir. 2009), themselves made no representations in the bankruptcy court and therefore are not *per se* judicially estopped from bringing the claims in this case by virtue of Milton and Heidi Barbis' conduct. This ruling is without prejudice to a Federal Rule of Civil Procedure 56 challenge to the LLC's standing based on a more complete record.

(Doc. 35, 10:9-11:5.) In light of this discussion, the court dismissed all claims brought by Milton and Heidi Barbis without prejudice to refiling the claims if the failure to disclose the claims to the bankruptcy creditors could be cured. (Doc. 35, 11:7-10.)

**C.    Defendants' Motion for Summary Judgment**

On January 11, 2013, Defendants City of Fresno and Rhames filed a motion for summary judgment asserting again that the LLCs had no standing to bring claims not disclosed to the bankruptcy Trustee. Defendants Fresno and Rhames argued that Milton Barbis owned 100% of Fresno Rock Taco and John Benjamin owned 100% of The Fine Irishman, but neither had disclosed the incident underlying this lawsuit as a potential claim in post-incident bankruptcy petitions. As such, Defendants Fresno and Rhames argued that Fresno Rock Taco and The Fine Irishman must be dismissed because they lacked standing to pursue these claims.

With regard to the LLCs and Defendants' assertion that they lacked standing to pursue their claims in this litigation, the court ruled as follows:

Defendants contend that the LLCs are subject to dismissal under bankruptcy laws because the owners of the LLCs filed for bankruptcy and failed to list the instant lawsuit in their bankruptcy petitions.

. . .

Here, Fresno Rock Taco and The Fine Irishman are judicially estopped from asserting their causes of action in the instant case because the undisputed facts show that each is wholly owned by individuals that filed for bankruptcy and did not disclose the causes of action. Mr. Barbis' deposition testimony and a declaration prepared from a case in the Northern District [footnote omitted] provides that Mr. Barbis is the sole owner of Fresno Rock Taco. (Doc. 55-4, p. 3, RT p. 16; Doc. 55-16, p. 5). Mr. Barbis filed for bankruptcy and did not disclose the causes of action brought by Fresno Rock Taco in the instant case to his creditors. Thus, Fresno Rock Taco is judicially estopped from pursuing its claims in this Court. *See Hamilton*, 270 F.3d at 783. Mr. Barbis' declaration provides that he did not own 100% of Fresno Rock Taco, he "owned 100% of the equity capital but other investors owned 90% of the total capital investment." (Doc. 58-6, p. 6 ¶ 39). The fact that Mr. Barbis owned 100% of the equity in the company shows that he was the sole owner of the company.

With regard to The Fine Irishman, the company's response to the City's interrogatories provide that John Benjamin is the sole owner of the company. (Doc. 55-5, p. 3:1-6). Mr. Benjamin's bankruptcy petition also lists him as 100% sole owner of the company. (Doc. 55-17, p. 3). Mr. Benjamin did not disclose the instant claims in his bankruptcy petition nor is there any evidence to show that he disclosed the instant claims to his creditors. Thus, The Fine Irishman is judicially estopped from asserting its claims in this court. *See Hamilton*, 270 F.3d at 783. The Fine Irishman argues that the fact Mr. Benjamin did not disclose its current claims to Mr. Benjamin's creditors is not relevant because Mr. Benjamin filed for bankruptcy, not The Fine Irishman. (Doc. 58-1, p. 2). It is true that Mr. Benjamin filed for bankruptcy and not The Fine Irishman however, because Mr. Benjamin is the sole owner of the company he should have disclosed the fact that The Fine Irishman possessed a potentially value asset, the claims in this case. Accordingly, defendants' motion for summary judgment on the claims brought by Fresno Rock Taco and The Fine Irishman is GRANTED.

With regard to Zone Sports Center, there is a genuine dispute as to whether it is judicially estopped from bringing its claims. It is undisputed that Sphere Properties owns 89.79% of Zone Sports Center and that Granite Park Investors owns the other 10.21%. (Doc. 58-1, p. 3 ¶ 7, 11). It is further undisputed that Mr. Barbis owns 22% of Sphere Properties and failed to disclose Zone Sports Center's claims to his creditors when he filed for bankruptcy. It is also undisputed that Mr. Benjamin owns 16.6% of Granite Park Investors and Howard Young owns 12% of the company. It is further undisputed that both Mr. Benjamin and Mr. Young failed to disclose Zone Sports Center's owners failed to disclose Zone Sports Center's claims to their creditors when they filed for bankruptcy[,] it is unclear as to who the other investors are and whether they are judicially estopped from brining Zone

4

> Sports Center's claims. Accordingly, Zone Sports Center is not judicially estopped from bringing its claims in the instant action.

(Doc. 64, 4:25-6:14.)

On March 6, 2013, the Clerk of the Court, pursuant to Judge O'Neill's order, entered judgment in favor of Defendants Rhames and the City of Fresno and against Fresno Rock Taco, LLC; Zone Sports Center, LLC; The Fine Irishman, LLC, and minor Claire Barbis through her guardian ad litem, Heidi Barbis. (Doc. 65.) On July 15, 2013, Judge O'Neill issued a final judgment pursuant to Rule 54(b) with respect to the March 6, 2013, order.

### III. DISCUSSION

**A. Legal Standard**

In general, appeals of district court rulings must wait until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). Nonetheless, 28 U.S.C. § 1292(b) provides an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . if application is made to it within ten days . . .

28 U.S.C. § 1292(b). Thus, a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must be a "controlling question of law." *Id.* Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). This is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make a greater showing. *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992). Third, an interlocutory appeal must be likely to materially speed the termination of the litigation. Whether an appeal may materially advance termination of the

litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case.

As Section 1292(b) is a departure from the general rule that only final judgments are appealable, it "therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002).  As such, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. *Coopers & Lybrand*, 437 U.S. at 475.  The burden of establishing the existence of exceptional circumstances lies with the party seeking certification of an interlocutory order.  *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), *rev'd in part on other grounds*, 106 F.3d 1125 (2d Cir. 1997).

**B.    The Court's March 6, 2013, Order is a Final Judgment Pursuant to Rule 54(b)**

On July 15, 2013, Judge O'Neill issued a final judgment under Rule 54(b) as to the March 6, 2013, order noting that, while the Clerk of Court had entered judgment on March 6, 2013, as directed, the judgment was not identified by the Court as a final judgment pursuant to Rule 54(b). As a final judgment now has been issued as to the March 6, 2013, order, there is no interlocutory order for the undersigned to certify for appeal.  As a result, Plaintiffs' motion for certification of an interlocutory appeal of the March 6, 2013, order is DENIED as MOOT.

**C.    The August 14, 2013, Trial Date is VACATED to allow Plaintiffs to Pursue Review of the March 6, 2013, Summary Judgment Order**

In response to Plaintiffs' motion for certification of an interlocutory appeal, Defendant Rodriguez asserts that, "in the interest of judicial economy, it would be best that any challenge to the Court's Order on Defendants Brendan Rhames' and the City of Fresno's Motions for Summary Judgment be resolved before this matter is tried."  (Doc. 92, 3:21-23.)  As the Court's March 6, 2013, judgment has resulted in a final judgment with respect to the claims against Defendant Rhames and the City of Fresno, the order is appealable pursuant to 28 U.S.C. § 1291.  The trial in this matter is currently set for August 14, 2013.  As Plaintiffs and Defendant Rodriguez contend that any review of the March 6, 2013, order should be taken before the trial is conducted and because Plaintiffs represent that they will attempt to appeal the order, the trial and all existing

6

deadlines are VACATED.  A telephonic status conference will be held in lieu of trial to determine whether a stay of the trial should be imposed to the extent Plaintiffs have elected to exercise their appellate rights.

### IV.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERD that:

1. Plaintiffs' motion to certify an interlocutory appeal is DENIED as MOOT;
2. The August 14, 2013, trial date and all other deadlines are VACATED; and
3. A telephonic status conference is set for August 14, 2013, at 8:30 a.m.

IT IS SO ORDERED.

Dated:   **July 15, 2013**                                           **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE