1   **Douglas V. Thornton, Bar #154956**
    **RUMMONDS | THORNTON | LAPCEVIC, LLP**
2   **1725 North Fine Avenue**
    **Fresno, California  93727-1616**
3   **Telephone (559) 400-8999**
    **Facsimile (559) 492-3385**
4

5   **Robert W. Branch, Bar #154963**
    **William E. McComas, Bar # 261640**
6   **THORNTON LAW GROUP, P.C.**
    **1725 North Fine Avenue**
7   **Fresno, California  93727-1616**
    **Telephone (559) 400-8999**
8   **Facsimile (559) 492-3385**

9   Attorney for: Plaintiffs

10                  **UNITED STATES DISTRICT COURT**

11                 **EASTERN DISTRICT OF CALIFORNIA**

12  FRESNO ROCK TACO LLC, a                **Case No.: 1:11-cv-00622-SKO**
    California Limited Liability corporation;
13  ZONE SPORTS CENTER, LLC, a
    California Limited Liability corporation
14  THE FINE IRISHMAN LLC, a
    California Limited Liability corporation;   **PLAINTIFFS' MOTION TO AMEND**
15  MILTON BARBIS, an individual;              **SCHEDULING ORDER AND/OR**
                                               **PRETRIAL ORDER TO ALLOW**
16  HEIDI BARBIS, an individual; HEIDI         **PLAINTIFF TO DESIGNATE EXPERT**
    BARBIS as guardian at litem for            **TESTIMONY**
17  CLAIRE BARBIS, a minor;
18
19                      Plaintiffs,
            v.
20
    BEN RODRIGUEZ, an individual;
21  BRENDAN RHAMES, an individual;
    GEORGEANNE WHITE, an individual;
22  THE CITY OF FRESNO, a California
    municipality; and DOES 1-100 inclusively
23
24                      Defendants.

25

26  / / / /

27  / / / /

28

00033859.v1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Zone Sports Center, LLC (the "**Zone**") hereby moves for a motion to amend the Scheduling Order and/or Pretrial Order for leave to designate an expert witness on the issue of damages as the result of the violation of the Zone's Fourth and Fourteenth Amendment Constitutional rights.

Specifically, the Zone moves to amend the Scheduling Order and/or Pretrial Order to allow the Zone to designate Barbara Luna as an expert witness on the issue of damages with the following conditions: (1) that Barbara Luna will submit her written report to the Defendant within ten (10) days of an Order granting relief; (2) that Barbara Luna will submit herself for deposition on a mutually convenient date within two weeks of submission of the expert report; (3) that Barbara Luna will be submitted for deposition to the Defendant without charge and the Zone will pay the fee for the court reporter; (4) that the Defendant shall have sixty (60) days from the date of the Order to designate a rebuttal expert on the issue of damages; and (5) in the event that the Defendant designates a rebuttal expert on damages, that the Zone may depose Defendant's designated expert.

Good cause exists to amend the Scheduling Order and/or Pretrial Order because:

(1)     The Zone's counsel recently substituted into this case and discovered that the Zone's counsel, Richard Hamlish, failed to designate an expert on the issue of the Zone's damages as the result of the violation of the Zone's Fourth and Fourteenth Amendment Constitutional rights. Upon discovery of the failure to designate an expert witness, the Zone's counsel promptly conferred with Defendant's counsel concerning the issue and raised the issue at the Scheduling Conference on November 10, 2015 and a briefing schedule was ordered by the court.

(2)     The Zone's failure to designate an expert on the issue of damages was not the result of willfulness or bad faith, but rather the negligence of Richard Hamlish. This fact is further compounded since Milton Barbis, the Managing Member of the Zone, and the individual that was the conduit between the Zone and Richard Hamlish during the relevant time periods was *medically disabled* and not able to adequately monitor the Zone's attorney's competence.

(3)     Due to the fact that Milton Barbis was disabled during the time that the expert should have been designated, and due to the fact that Richard Hamlish did not disclose to Milton

Barbis the date that experts should have been disclosed or that Richard Hamlish failed to disclose experts on a timely basis, it was outside of the control of the Zone and the Zone should not face a severe punishment of expert evidence exclusion.

        (4)     It is imperative to the Zone's case that it be able to effectively calculate and explain its damages for loss of business income and loss of a business venture to the jury.

        (5)     The granting of this motion will not prejudice the Defendant since it will not result in a delay of the trial, discovery will not be reopened, and Defendant will not need to pay the expert or court reporter for her deposition.

        The Zone's motion is based on and includes this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached declarations of Douglas Thornton, Barbara Luna and Milton Barbis, the pleadings and materials on file in this matter, other matters of which the Court may take judicial notice, and on such further argument and evidence as may be presented at or before the hearing on this motion, if any.

                        Respectfully submitted,

                        RUMMONDS, THORNTON & LAPCEVIC

Dated: December 4, 2015            By___/s/ Douglas V. Thornton_____
                              DOUGLAS V. THORNTON
                              Attorneys for the Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### RELEVANT FACTUAL BACKGROUND

Milton Barbis is one of the investors of Zone Sports Center, LLC (the "**Zone**"). The Zone was formed in 2004 for the purpose of developing Granite Park (the "**Development**"). (Declaration of Milton Barbis [Barbis Decl.], para 2.)

The status of the Development in early May of 2009 was as follows: (a) there were five (5) buildings constructed all of which were 100% leased out; (b) there was one additional building under construction which was 100% leased out; (c) a hotel pad and a fast food pad had been sold to third parties; (d) the Zone was completing a forbearance agreement with its lender and had a commitment from GE capital to refinance two of the buildings for collectively $12,500,000; and (e) the appraisal on the Development was Forty Million Dollars ($40,000,000). (Barbis Decl., para. 3.)

On or about May 27, 2009, the State of California (the "**State**"), through its employee and agent Ben Rodriguez ("**Rodriguez**") caused a search warrant to be served on the Zone, inter alia, and the Development. The search warrant was carried out by over fifty (50) officers (the '**Raid**"). During the Raid, all of Milton Barbis' business records, as well as the records of all of the businesses he was associated with were seized, including the Zone.  To this date the business records have never been returned. Consequently, the State through its agent Rodriguez, has all of the business records, including all of the computer and sales records. (Barbis Decl., para. 4.)

As a direct result of the Raid and the publicity that the people in charge of the Raid performed, the Zone suffered great damages including, killing financing for the project, killing financing for tenants, customers stayed away from the site and businesses at the remaining open businesses dropped up to 80% directly due to the raid. (Barbis Decl., para. 5.)

Although Milton Barbis can testify as to the general damages caused by the raid, it would be difficult for him to testify to the specific damages and the amounts as a damages expert. Dr. Barbara Luna, the Zone's proposed expert, did a complete study on the specific damages and would be better suited to testify as a third party. (Barbis Decl., para. 6.)

Milton Barbis retained Barbara Luna as an expert in a related case of the *Zone, et. al. v. National* to testify on the issue of damages that the Zone suffered due to a bad faith denial of the Zone's insurance claim. Milton Barbis also retained her to testify for the Zone, inter alia, in this matter. (Barbis Decl., para. 7.)

For reasons that Milton Barbis cannot explain, the Zone's attorney, Richard Hamlish failed to inform the Zone, or any of its owners, of the deadline to designate expert witnesses in this action. It is Milton Barbis' understanding that the deadline to designate experts in this matter was November 9, 2012. At that time Milton Barbis was declared disabled by a Judge with the State of California and under a physician's care for Severe Post Traumatic Stress Disorder and Uncontrolled Obsessive Compulsive Disorder due to the fact of the Raid on his business and family and due to the fact that he had lost his entire life's work due to the Raid and his insurance company's refusal to honor the Zone's insurance claim. If Milton Barbis would have been at complete mental health he is confident that he would have been more involved in the case at that time and would have made sure that the deadline was not missed. (Barbis Decl., para. 8.)

Unfortunately, at that time Milton Barbis had complete trust in Richard Hamlish as my attorney and believed that he was competent and would protect his interests, including the Zone. It was not until the Fall of 2014 that he began to appreciate the mistakes that his counsel was making in providing attorney services to the Zone and in personal matters that he had. It was not until November 2015 that Milton Barbis discovered that Richard Hamlish failed to designate an expert in this case even though Milton Barbis had retained an expert for him to use. (Barbis Decl., para. 9.)

Milton Barbis is not aware of any circumstances that would suggest that Richard Hamlish failure to designate a damages expert was done on purpose or in bad faith. Milton Barbis believes, based upon his years of working with Richard Hamlish that this error occurred as a result of his lack of organization skills. (Barbis Decl., para. 10.)

Barbara Luna, the Zone's proposed damages expert, is a Senior Partner at White, Zuckerman, Warsavsky, Luna & Hunt, a forensic accounting firms located in Los Angeles and Irvine California. Dr. Luna has a MS and a PhD degree in Applied Mathematics from Harvard

University and a BA degree from Wellesley College. Dr. Luna has served as an expert witness for over thirty years in business litigation matters. In this capacity, Dr. Luna has analyzed financial, accounting, economic, business, real estate and valuation issues relating to liability and damages in litigation matters and reorganization of businesses. (Declaration of Dr. Barbara Luna [Luna Decl.], para 2.)

Dr. Luna was first retained by the Zone SPORTS CENTER, LLC (the "**Zone**") to calculate its damages relating to the loss of its investment in the Granite Park Investment. In that regard Dr. Luna is familiar with the past and current financial condition of the Zone, and its former tenants, as it relates to matter currently before this Court. (Luna Decl., para 3.)

If this Court grants Plaintiffs' Motion to allow the Zone to designate an expert on damages, Dr. Luna will provide a detailed report to counsel for Defendant Rodriguez within ten (10) days of this Court granting Plaintiffs' request. Dr. Luna will also make herself available for a timely deposition to answer questions regarding the analysis, the findings and the conclusions provided in the Report on a mutually convenient date. (Luna Decl., para. 4-5.)

The Zone's Counsel Douglas Thornton recently substituted into this case and discovered that the Zone's counsel, Richard Hamlish, failed to designate an expert on the issue of the Zone's damages as the result of the violation of the Zone's Fourth and Fourteenth Amendment Constitutional rights. Upon discovery of the failure to designate an expert witness, the Zone's counsel promptly conferred with Defendant's counsel concerning the issue and raised the issue at the Scheduling Conference on November 10, 2015 and a briefing schedule was ordered by the court.

## II

## RELEVANT PROCEDURAL BACKGROUND

On April 16, 2011, plaintiffs Fresno Rock Taco; LLC; Heidi Barbis; Claire Barbis; Milton Barbis; The Fine Irishman, LLC and Zone Sports Center, LLC filed a complaint against defendants the City of Fresno; Branden Rhames and Ben Rodriguez for Damages in Violation of Constitutional Rights; Intentional Interference with Prospective Business Advantage; and Intentional Interference with Contractual Relationship.

On or about May 18, 2011, the plaintiffs filed a First Amended Complaint for Damages in Violation of Constitutional Right (42 U.S. C. §§ 1983, 1988.)

Thereafter, all of the defendants filed motions to be dismissed.  The court denied these motions on or about August 15, 2011. On or about August 1, 2011, Defendants City and Rhames filed an Answer to the First Amended Complaint. On November 14, 2011, this court issued a Scheduling Order (the "**Scheduling Order**") setting a trial date of June 4, 2013, which set the following deadlines for expert witnesses: expert disclosure on November 9, 2012 and expert discovery to close on January 7, 2013.

On or about January 11, 2013, defendants, City of Fresno and Rhames filed a Motion for Summary Judgment.  On or about March 6, 2013, the defendants' Motion for Summary Judgment was granted.

On July 2, 2013, this court issued a Pretrial Order (the "**Pretrial Order**") in which the court noted that "neither party has disclosed any expert witnesses." (Pretrial Order, p. 21:3.)

Plaintiffs filed Notice of Appeal on July 16, 2013.  In or about August 2015, plaintiffs retained new counsel.  The Appeal proceeded until October 2015, when the parties stipulated to dismiss the Appeal.

In or about November 2015, a Scheduling Conference was held setting forth specific dates in preparation for trial.

The remaining parties to the action are Plaintiffs Zone Sports Center, LLC and Claire Barbis and Defendant Ben Rodriguez.

**III**

**ARGUMENT**

**A.     GOOD CAUSE EXISTS TO GRANT THIS MOTION**

Pursuant to Federal Rules of Civil Procedure 37(c)(1), the factors to determine substantial justification include the following:

**1.     Negligence**:

In the instant case, Plaintiffs were not well-served by counsel that missed deadlines on a regular basis and did not inform his clients when he did so. Consequently, the failure to disclose

the expert was not in bad faith or willful on the part of the Zone; but was solely due to the undisclosed negligence of counsel. The Zone's current counsel attempted to find out the reason that Richard Hamlish did not designate the Zone's damages expert by contacting Richard Hamlisch's malpractice counsel. No identifiable cause was given for the missed deadline. (Decl. Thornton, para. 2.)

### 2. Outside of Control of the Plaintiff:

The Zone relied upon its counsel to comply with all court-ordered deadlines and had no reason to believe that its counsel had missed the deadline to designate experts. Due to the fact that (a) Milton Barbis was medically disabled during the time that the damages expert should have been designated,; (b) the fact that Richard Hamlish did not disclose the date that experts should have been disclosed to the Zone or Barbis; and (c) that Richard Hamlish failed to disclose experts on a timely basis; the Zone asserts that it was outside of the control of the Zone.

### 3. Burden on Zone Sports Center, LLC.

The burden of establishing substantial justification for a failure to disclose expert opinion reports is on the nondisclosing party. (*Shire Develop. LLC v. Watson Pharmaceuticals, Inc.* (DS FL 2013) 932 F.Supp.2d 1349, 1357.) Based upon the factors listed above and existing case law it is difficult for the Zone to assert that there was substantial justification to miss the deadline since existing case law focuses on the conduct of counsel as an extension of the client's actions or inactions. However, the Zone contends that Milton Barbis' medical condition should act as substantial justification for the missed deadline. Out of an abundance of caution, the Zone asserts below that the nondisclosure was harmless and/or in the sound discretion of the court that a lesser remedy than expert evidence exclusion is appropriate given all of the circumstances, including the *medical disability* of Milton Barbis.

### 4. The Nondisclosure was Harmless.

In the instant case, due to the fact that the trial is set for September 13, 2016, the Zone contends the disclosure to be harmless. A court can review the following factors to determine if the nondisclosure is "harmless" to the opposing party:

(a) Whether the opposing party was otherwise *aware* of the undisclosed information. (*Wilson v. Superclub Ibiza, LLC* (D DC 2013) 931 F.Supp.2d 61, 63.);

(b) Whether the undisclosed information was of major or only minor importance. (*Hawkins v. Graceland* (WD TN 2002) 210 FRD 210, 211.); and

(c) Whether the opposing party would be able to depose the expert within the existing case management deadlines. (*Hewitt v. Liberty Mut. Group, Inc.* (MD FL 2010) 268 FRD 681, 684.)

First, as stated in the Pretrial Order, "Plaintiffs seek compensatory monetary damages for personal injury, loss of personal property, *business income loss and the loss of a business venture.* Plaintiffs also seek punitive damages. (Pretrial Order, p. 12:2-4.) Furthermore, Rodriguez has had all of the financial records of the Zone since the records were seized. (Barbis Decl., para. 4.)

Second, the importance of an expert in a case in which the Zone is claiming business income loss and loss of a business venture is of great importance. An expert such as Dr. Barbara Luna will be able to decipher complex financial records and present them in a cogent manner to a jury whereas Milton Barbis would be hard pressed to present the damages suffered, especially as to  in a succinct and understandable manner. (Barbis Decl., para. 6.)

**5. The court has discretion to grant this motion**.

Even absent "substantial justification" for nondisclosure or showing that it was "harmless," exclusion of expert testimony as a sanction for a violation of a discovery order rests in the court's sound discretion.

The case of *R & R Sails, Inc. v. Ins. Co. of the Pa*. (9th Cir. 2012) 673 F.3d 1240 is instructive. In R & R, an insured sued its insurer for breach of contract and bad faith denial of insurance benefits. As a part of that claim, R & R sought "Brandt fees" The district court determined that R & R violated the disclosure requirements of Federal Rules of Civil Procedure 26(a) and 26(e) and as a sanction precluded R & R from putting on evidence of Brandt fees since

1    R & R did not produce the invoices that comprised the Brandt fees in a timely fashion – in fact

2    – the invoices were not produced until after trial was set to start.

3              The Ninth Circuit Court of Appeals disagreed with the ruling.

4              We are not convinced, however, that the district court made findings sufficient to
       support is preclusion of the invoices under Rule 37(c)(1). We recognize that, in the
5      ordinary case, violations of Rule 26 may warrant evidence preclusion. *See, e.g.,*
       *Yeti by Molly Ltd.,* 259 F.3d at 1107. Yet evidence preclusion is, or at least can be,
6      a "harsh" sanction. *See id.* at 1106. In this case, the sanction was particularly harsh,
       because it dealt a fatal blow not only to R&R's entire *Brandt* fees claim but also its
7      request for punitive damages. Thus in practical terms, the sanction amounted to
8      dismissal of a claim.

9              Under this circuit's law, because the sanction amounted to dismissal of a claim, the
10     district court was required to consider whether the claimed noncompliance involved
       willfulness, fault, or bad faith, *see id.* at 1106 (citing *Henry v. Gill Indus., Inc.* 983
11     F.2d 943, 946 (9th Cir. 1993), and *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585,
       589 (9th Cir. 1983), and also to consider the availability of lesser sanctions. *See,*
12     *e.g., Wendt v. Host Int'l, Inc.,* 125 F.3d 806; 914 (9th Cir. 1997); *Wanderer v.*
13     *Johnston,* 910 F.2d 652, 656 (9th Cir. 1990). We now reaffirm the existence of that
       requirement when a district court conducts the harmlessness inquire required under
14     Rule 37(c) (1). We note that this approach accords with the decisions of other
15     circuits. *See, e.g., Design Strategy, Inc. v. Davis,* 469 F.3d 284, 296 (2d Cir. 2006)
       (requiring the district court to consider the possibility of a continuance); *S. States*
16     *Rack & Fixture Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003)
       (requiring consideration of [1248] the surprise to the party against whom the
17     evidence would be offered and the ability of that party to cure the surprise); *Tex. A*
18     *& M Research Found. V. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003)
       (requiring consideration of the possibility that a continuance would cure prejudice
19     to the opposing party). Because it does not appear that the district court conducted
20     this inquire, and because it did not make the requisite findings, it erred when it
       excluded the invoices under Rule 37(c)(1). (Id. at 1247-1248.)

21

22             The Zone respectfully requests that the court consider the *R & R* case since elimination of

23     a damages expert, while not amounting to a dismissal of the case, without a damages expert, it

24     substantially impairs the case. It will be difficult if not impossible for the Zone to testify to lost

25     future income and loss of its investment without a damages expert.

26             The case of *Zertuche v. the County of Santa Clara* (N.D. Cal. 2013) 2013 U.S. Dist. LEXIS

27     113533 is also instructive.  In Zertuche, plaintiff's counsel failed to designate a medical expert on

28     the deadline of July 6, 2012 due to a "flurry of discovery around this time." Although plaintiff's

counsel realized the mistake the following month, plaintiff's counsel delayed filing a motion and raised the issue at a case management conference on January 14, 2013. At the conference the court indicated it would address the expert issue in its decision on a motion for summary judgment – but failed to do so. At a later case management conference on June 17, 2013 (a year later), the court directed plaintiff to file a noticed motion.

After the motion was filed, the District Court ruled as follows:

Zertuche's failure to comply with the deadline was not justified. She offers no reasonable excuse for her failure to designate her expert prior to the deadline, merely indicating a "flurry" of other deadlines at the time. Likewise, she has not established that her failure to disclose her expert by the deadline is harmless. Timely disclosure would have meant that her expert was disclosed over a year ago, not just within a few months of trial.

However, the Court finds that, under the particular factual circumstances here, complete exclusion of Zertuche's expert would be an unduly harsh sanction. Zertuche raised the error within a month of the deadline stated in June Davila's scheduling order. She raised it again with this Court more than six months ago, at which time the parties were given an opportunity to argue the merits, and before any trial date was set. In light of the Court's statements at the case management conference, she reasonably believed that the Court would address the issue in the context of the summary judgment order. It did not.

In light of the particular circumstances of this case, including the changes in trial judges and the state of judicial emergency which resulted in delays in rulings, and balancing the various equities involved, the Court Grants the Motion as follows:

(1) Plaintiff may designate Dr. Zetner as an expert and shall serve an expert designation stating the subject matter on which the expert is expected to testify, including a summary of facts and opinions, consistent with Rule 26(a)(2)(C) no later than August 19, 2013.

(2) Plaintiff shall make Dr. Zetner available for deposition at a time mutually agreeable to the parties but no later than September 9, 2013 and shall pay for the costs of the deposition.

(3) Gleason shall be afforded the opportunity to designate a rebuttal expert no later than September 3, 2013. (Id. 10-11.)

The Zone respectfully requests that the court enter relief similar to the relief ordered in *Zertuche*. In this instance, the Zone raised the issue of a failure to designate an expert with

opposing counsel when there was no trial date and at the hearing where a trial was scheduled approximately ten (10) months in the future.

## CONCLUSION

For the reasons stated above, the Zone respectfully requests that this court grant the requested relief on terms that are just to the parties involved.

Respectfully submitted,

RUMMONDS, THORNTON & LAPCEVIC

Dated: December 4, 2015          By___/s/ Douglas V. Thornton_____
                                 DOUGLAS V. THORNTON
                                 Attorneys for the Plaintiffs

00033859.v1

**Plaintiff's Motion to Amend Scheduling Order and/or Pretrial Order to Allow Plaintiff to Designate Expert Testimony**

**CERTIFICATE OF SERVICE**

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 1725 N. Fine Avenue, Fresno, California  93717.

On December 4, 2015, I served the document(s) described as: **PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND/OR PRETRIAL ORDER TO ALLOW PLAINTIFF TO DESIGNATE EXPERT TESTIMONY** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) and/or package(s) addressed as follows:

Bruce Daniel Praet                                    Michael L. Bean
Ferguson Praet and Sherman                Smith Smith & Feeley LLP
1631 E. 18th Street                                  16330 Bake Parkway
Santa Ana, CA 92705-7101                   Irvine, CA 92618

Victoria C. Geary                                    Peter Anthony Meshot
State Board of Equalization                  Stephen Charles Pass
450 N Street, MIC: 82                            Office of the Attorney General
Sacramento, CA 95814                          1300 I Street
                                                                  Sacramento, CA 95814

Arthur A. Small, Esq.
7540 Shoreline Drive, Ste C
Stockton, CA 95219

☒     **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

☒     (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2015, at  Fresno, California.

_____/s/ Christy Reed_____
Christy Reed