KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
STEPHEN C. PASS, State Bar No. 131179
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-2558
 Fax: (916) 322-8288
 E-mail: Stephen.Pass@doj.ca.gov
*Attorneys for Defendant
Benjamin Rodriguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **FRESNO ROCK TACO, LLC, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BEN RODRIGUEZ, et al.;**<br>Defendants. | 1:11-cv-00622 SKO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND/OR PRETRIAL ORDER TO ALLOW PLAINTIFF TO DESIGNATE EXPERT TESTIMONY**<br><br>Courtroom: 7<br>Judge: The Honorable Sheila K. Oberto |

**INTRODUCTION**

Plaintiffs Zone Sports Center LLC (Zone) and Claire Barbis, a minor, seek leave to disclose an expert, Dr. Barbara Luna to offer opinions on damages. They had failed to disclose an expert at any time from April 16, 2011, the date they filed this § 1983 lawsuit alleging an illegal search, through the Pre-trial Conference on June 26, 2013.

Modification of the Scheduling Order or Pre-Trial order requires Plaintiffs to prove that they were unable to meet the expert disclosure deadline despite due diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Have Plaintiffs shown due diligence

1

when their prior counsel represented to the Court and counsel that he never planned to disclose any experts, he never listed Dr. Luna on Plaintiff's trial witness list, and he never requested relief from the Scheduling Order or Pre-Trial Order even after Defendant's counsel advised that he planned to move to exclude all expert testimony concerning damages based on a failure to disclose and the Court advised in its Pre-Trial Order that no party could call any witnesses which were not included on the lists submitted in the Joint Pre-Trial Statement?

Plaintiffs must show extraordinary circumstances such as gross negligence or other egregious conduct by counsel not just negligence in order to justify modification of a scheduling order or pre-trial order.  Did Plaintiffs show extraordinary circumstances when they admit that they aren't aware that their prior counsel's failure to designate a damages expert was done on purpose or in bad faith and "was solely due to the undisclosed negligence of counsel?"[1]

## STATEMENT OF FACTS

On April 16, 2011, Plaintiffs Zone Sports Center LLC (Zone) and Claire Barbis, a minor, and other plaintiffs filed their Complaint in this matter.  They filed an Amended Complaint on May 18, 2011 (ECF 9).  Pursuant to a Pre-Trial Order for jury trial scheduled for August 14, 2013,[2] Plaintiffs' surviving claims  allege under 42 U.S.C. § 1983 that defendant Detective Ben Rodriguez, a fraud investigator for the California Department of Insurance, violated their rights under the Fourth Amendment as the result of searches of four locations on May, 28, 2009. Specifically, they allege that Detective Rodriguez deliberately or recklessly made false statements or omissions in his affidavit of probable cause that were material to the finding of probable cause for the search warrant which he obtained on May 27, 2009, and that the extent of the search exceeded the scope of the warrant as to Zone.

On November 14, 2011 the Court issued a Scheduling Order (ECF 38).  Under that order, the deadline for non-expert discovery was October 11, 2012.  The deadline to complete expert discovery was January 7, 2013.  Dispositive motions were to be filed by January 18, 2013, and a trial by jury was set for June 4, 2013.  The order scheduled a Settlement Conference for January

---

[1] Plaintiff's P's and A's, ECF 150, 7:27-8:2.
[2] ECF 89.

2

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

10/2013 and a Pre-Trial Conference for April 24, 2014. (*Ibid.*) Thereafter, the parties engaged in vigorous discovery. Plaintiffs conducted written discovery and deposed defendants Officer Rodriguez and Detective Rhames. Defendants conducted written discovery and deposed Milton Barbis, Heidi Barbis, John Benjamin and Howard Young. (Decl. of Stephen Pass).

On January 11, 2013, defendants City of Fresno (City) and Detective Rhames moved for summary judgment. (ECF 55). The Court granted defendants' motion on March 6, 2013 and entered judgment in favor of City and Rhames and against Plaintiffs. (ECF 64 and 65). With the consent of the remaining parties, the Court then re-assigned the case to Magistrate Judge Oberto and vacated the existing dates for the pre-trial conference and trial. (ECF 68). Following a Telephonic Scheduling Conference on March 20, 2013 (ECF 71), the Court ordered the following new dates for the case: Trial beginning on August 13, 2013 and a Pre-Trial Conference on June 26, 2013. (ECF 72). A Settlement Conference was set for April 25, 2013.

On April 25, 2013 the remaining parties attended the scheduled Settlement Conference in Courtroom 9 before Magistrate Judge Boone after filing confidential settlement conference statements. (ECF 74, 76, and 77). The case did not settle.

On June 24, 2013, Plaintiffs and the remaining defendant, Officer Rodriguez, submitted a Joint Pretrial Statement. (ECF 85). In it, Officer Rodriguez noted that the Scheduling Order provided that:

> The parties are directed to disclose all expert witnesses, in writing, on or before 11/9/2012, and to disclose all rebuttal experts on or before 12/10/2012. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.[3]

Officer Rodriguez then disclosed that, "[t]o date, the parties have not disclosed any expert witnesses." (ECF 85, p. 7, 1-15). Officer Rodriguez then clearly stated his intent to move in limine to preclude Plaintiff from admitting "any opinion evidence concerning any issue, including, but not limited to, the amount of monetary damages allegedly incurred by Mr. Rodriguez's

---

[3] Scheduling Order, 3:7-12 (Doc. 38).

3

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

actions pertaining to the disputed searches." (*Id.*)  Rodriguez reiterated his position under heading 19 of the Joint Pretrial Statement:

> There has never been any disclosure of experts in this matter by either party. Appointment of an impartial expert would not be helpful.
>
> Should any party's witnesses be permitted to express any expert opinions, the opposing party reserves the right to call an expert to rebut those opinions.

(*Id.* at p. 18).

During the June 26, 2013 Pretrial Conference, Plaintiffs' attorney, Richard Hamlish, did not request relief from the scheduling order deadline for expert disclosure.  (Pass Decl.; Ex. A[4]). Instead, he advised the Court that he did not intend to offer testimony of any hired expert.

> THE COURT: Let me ask this: How long do you expect the damage phase to take, Mr. Pass, and then Mr. Hamlish, if you can respond?
>
> MR. PASS: For the defense, I don't expect the damages phase to take very long because there aren't any experts.
>
> THE COURT: Okay.
>
> Mr. Hamlish --
>
> MR. HAMLISH: I --
>
> THE COURT: -- it's my understanding there are no experts. So what would be the -- neither party has designated any expert witnesses. So what would be the issues regarding the damages phase that would extend the length of the trial?
>
> MR. HAMLISH: Well, there's a, about eight or ten leases that have to be testified to as to the, the leases themselves and the income from the leases, which will be Mr. Barbis and Mr. Young and Mr. Benjamin will testify to.

(Ex. A, Transcript at 4:20-5:11).

Rodriguez's attorney then again put Plaintiff on notice that he intended to move to exclude such testimony as undisclosed expert testimony.

> MR. PASS: Your Honor, this is going to be a bone of contention in trial as to whether any of this is even admissible. I suspect it is going to be expert testimony that the plaintiffs, that these persons -- because they are not parties -- are going to be offering themselves and it sounds, from what Mr. Hamlish is saying, as though it's quite cumulative if the three of them are going to be testifying about the same things. I, I find it difficult to believe that it would take a day and a half.

---

[4] Court Reporter's Transcript of the June 26, 2013 Pre-Trial Conference.

4

1  *Id*. at 5:24-6:7).  Again, Plaintiff's attorney failed to request relief from the Scheduling Order's
2  time limit on disclosure of experts, even when the Court provided him with an opportunity to do
3  so.

> With regard to discovery motions, I want to confirm that there are no further discovery motions. And I don't believe that there -- that would be time -- they would be timely, in any event.  Is there any further -- are there any further discovery issues that need to be discussed at this time?
>
> MR. HAMLISH: Not by the plaintiff, Your Honor.
>
> MR. PASS: None by defense, Your Honor.
>
> THE COURT: Okay.

(Pass Decl., Ex. A).

Plaintiffs' attorney then represented to the Court that he had disclosed all potential witnesses in the Pre-Trial Statement.

> THE COURT: You're welcome.
>
> With respect to witnesses, I have reviewed the pretrial, Joint Pre-Trial Statement and it's my understanding that all potential witnesses have been identified in the Pre- Trial Statement.  Is that correct, Mr. Hamlish?
>
> MR. HAMLISH: I have identified all, all my witnesses in the Pre-Trial Statement, Your Honor.
>
> THE COURT: Thank you.

Plaintiff's attorney then requested that the Court add Claire Barbis to the Plaintiffs' witness list, which the Court then allowed.  (Ex. A, Transcript, at 22:20 – 24:5).  He did not ever request to add the name of Barbara Luna or any other expert to Plaintiffs' trial witness list.  (Id.)

On July 2, 2013 the Court issued its Pretrial Order (ECF 89).  That order clearly states that:

> 2. Defendants will move in limine to exclude any expert testimony on any issue by Plaintiffs, their agents or employees, or by any expert witnesses retained by them. On November 14, 2011, this Court issued a scheduling order in this case. This order specified that:
>
> The parties are directed to disclose all expert witnesses, in writing, on or before 11/9/2012, and to disclose all rebuttal experts on or before 12/10/2012. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in

5

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.1

Defendant contends that, to date, the parties have not disclosed any expert witnesses. Accordingly, Plaintiffs should be precluded from admitting any expert opinion evidence concerning any issue, including, but not limited to, the amount of monetary damages allegedly incurred by Mr. Rodriguez's actions pertaining to the disputed searches.

(ECF 89, 7:4-14).

The Court further ordered that:

Only witnesses who are listed in this Pretrial Order may appear on the final witness list. **Further, the parties may only call witnesses at trial who are on the final witness list unless (1) the parties so stipulate; or (2) it is necessary to prevent "manifest injustice."** Fed. R. Civ. P. 16(e)."

(*Id*. at 17:28-18:3).  The name of Barbara Luna is absent from Plaintiff's witness list in the Pre-trial Order. (Id. at pp. 18-19).

On July 16, 2013, Rodriguez moved in limine to exclude:  "any witness from testifying as to damages incurred by zone sports as a result of the search because it would require expert testimony where none were disclosed, zone failed to disclose any non-expert derived damages, and failed to disclose any evidence of damages."  (ECF 97, 8:14-10:25).

On July 16, 2013, Plaintiffs filed a notice of appeal concerning the judgment on City's and Rhames' Motion for Summary Judgment.  (ECF 99).  The Court then stayed the case on August 15, 2013, pending resolution of Plaintiffs' appeal.  (ECF 105).   The parties completed appellate briefing on March 17, 2014.  (Pass Decl.) Subsequently, Plaintiffs' counsel, Richard Hamlish, moved to withdraw as counsel on October 21, 2014.

Plaintiffs substituted their present attorney, Douglas Thornton, in the appeal on August 26, 2015.  (Pass Decl.)  The Ninth Circuit Court of Appeals then granted Plaintiffs' motion to dismiss their appeal  on October 19, 2015.  (*Id*.)  Now that the stay has been lifted on this case, Plaintiffs move for relief from this Court's Scheduling Order and/or Pretrial Order to allow them to designate a damages expert, Dr. Barbara Luna.  Defendants oppose that motion.

6

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

**ARGUMENT**

Under the Federal Rules of Civil Procedure , a scheduling order under Rule 16(b) can only be modified by a showing of good cause. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). Good cause only exists if the moving party was unable to meet the deadline "despite exercising due diligence." *Id.* (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations*, 975 F.2d at 609. If the party requesting modification of the scheduling order was not diligent, "'the inquiry should end,' and the motion to modify should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d at 1087 (quoting *Johnson v. Mammoth Recreations*, 975 F.2d at 609).

Rule 16(e) provides that a pre-trial order should not be modified "only to prevent manifest injustice." *Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231 (W.D. Wash. 2003). Failure to include an expert on a list of trial witnesses as required by a pre-trial order, without justification, is sufficient grounds to exclude the expert's testimony at trial, even if the opposing party would suffer no prejudice. *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320-321 (9th Cir. 1988). "The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay." *Id.* "In such a case, 'any injustice resulting from exclusion . . . comes from [the defaulting party's] own failure properly to present his case.'" *Id.* (quoting *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir. 1977).

In the present case, Plaintiff concedes that "it is difficult for Zone to assert that there was substantial justification to miss the deadline."[5] Indeed, it is impossible. Based on the transcript of the Pre-Trial Conference, it is clear that Plaintiffs' counsel did not intend to disclose Dr. Luna. This is not a matter of Plaintiff's counsel delaying. It was Plaintiffs' counsel's decision to rely on

---

[5] Plaintiff's supporting Memorandum of Points and Authorities, ECF 150, at 8:16-18.

7

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

other means of proving damages.  Plaintiff's counsel declined opportunities to request relief from the Scheduling Order and Pretrial Order because he believed he did not need to.

More than two years after the fact, Plaintiff's current counsel sees the matter differently.  He contends that his client "is not aware of any circumstances that would suggest that Richard Hamlish failure to designate a damages expert was done on purpose or in bad faith."  However, it is evident that Mr. Hamlish's non-disclosure of experts was intentional.  His discussion at the Pre-Trial Conference shows that Mr. Hamlish believed that expert disclosure was unnecessary, and he did not do it.  As for Plaintiff's contention that Mr. Barbis had a medical condition that justifies a modification of the scheduling order, there is no evidence other than Mr. Barbis' self-serving declaration.  Moreover, Plaintiffs are "'deemed bound by the acts of their lawyer agent and are considered to have notice of all facts, notice of which can be charged upon the attorney.'"  *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 633-634 (C.D. Cal. 2003)(quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 672 (1962)).  As Plaintiffs are responsible for any negligent acts by their attorney "too often a normal part of representation", [6] this Court should deny Plaintiffs' motion for relief from the Scheduling Order and Pre-Trial Order in this case.

Should the Court allow Plaintiffs to disclose Dr. Luna at this time, it would change the character of the entire case, which would otherwise have been tried over two years ago.  This would prejudice Defendant.  Defendant would likely need to retain his own expert and would need to completely re-evaluate his strategy for trial.  Defendant participated in the previous settlement conference relying on an evaluation that took into account Plaintiff's lack of a damages expert.  Plaintiff's present motion, if granted, now completely changes the nature of the action and renders the previous settlement conference a useless exercise based upon a presumably stable evidentiary situation that Plaintiffs believe they should be free to change as easily as they changed counsel.  Instead of this case being substantially ready for trial, discovery would now begin again, as Dr. Luna's belated insertion in the case may provide good cause for Defendant to

---

[6] *Id*. at 673.

8

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)

also seek a modification to the scheduling order to allow discovery of additional damages evidence.

For Plaintiffs in this case to justify a modification to the Scheduling Order or Pre-Trial Order, they would need to show extraordinary circumstances, such as extreme or gross negligence or other egregious conduct, which rendered them unable to prosecute their case. *Id*. (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. Cal. 2002)).  Again, however, Plaintiffs make no showing of such extraordinary circumstances.  They just want to do things differently from Mr. Hamlish.  That rationale simply fails to justify modification of the Court's Scheduling Order and Pretrial Order to suddenly disclose an expert at this late date, nearly three years after the deadline for disclosing experts.  Accordingly, this Court should deny Plaintiff's motion in its entirety.

## CONCLUSION

Plaintiffs fail to provide good cause to re-open discovery to allow them to disclose Dr. Luna as a damages expert 2 ½ years after this case was supposed to go to trial.  They also fail to show any extraordinary circumstances to justify changing the Pre-Trial Order after Plaintiffs' previous attorney represented that there was no need to do so.  This Court should therefore deny Plaintiff's motion to modify its Scheduling Order and Pre-Trial Order to allow the disclosure of Dr. Luna as a damages expert.

Dated:  December 21, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Stephen C. Pass*

STEPHEN C. PASS
Deputy Attorney General
*Attorneys for Defendant Benjamin Rodriguez*

SA2011301620
32327126.doc

9

Def. Opposition to Pltf. Mtn. to Amend Sched/Pretrial Orders re Expert Discl.   (1:11-cv-00622 SKO)