Douglas V. Thornton, Bar #154956
RUMMONDS | THORNTON | LAPCEVIC, LLP
1725 North Fine Avenue
Fresno, California  93727-1616
Telephone (559) 400-8999
Facsimile (559) 492-3385

Robert W. Branch, Bar #154963
William E. McComas, Bar # 261640
THORNTON LAW GROUP, P.C.
1725 North Fine Avenue
Fresno, California  93727-1616
Telephone (559) 400-8999
Facsimile (559) 492-3385

Attorney for: Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO LLC, a California Limited Liability corporation; ZONE SPORTS CENTER, LLC, a California Limited Liability corporation THE FINE IRISHMAN LLC, a California Limited Liability corporation; MILTON BARBIS, an individual; HEIDI BARBIS, an individual; HEIDI BARBIS as guardian at litem for CLAIRE BARBIS, a minor;<br><br>                  Plaintiffs,<br>v.<br><br>BEN RODRIGUEZ, an individual; BRENDAN RHAMES, an individual; GEORGEANNE WHITE, an individual; THE CITY OF FRESNO, a California municipality; and DOES 1-100 inclusively<br><br>                  Defendants. | Case No.: 1:11-cv-00622-SKO<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND/OR PRETRIAL ORDER TO ALLOW PLAINTIFF TO DESIGNATE EXPERT TESTIMONY** |

00034941.v1

1

Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony

**I**

**SUMMARY OF ARGUMENT**

Plaintiff has shown extraordinary circumstances supporting gross negligence and other egregious conduct on the part of Richard Hamlish, not just negligence. Defendant admits that "gross negligence or other egregious conduct by counsel not just negligence . . . [will] justify modification of a scheduling order or pre-trial order." (Opposition, 2:7-9) The egregious conduct was laid out clearly in Plaintiff's Motion. First, Plaintiff retained a damages expert to testify in the case. Barbara Luna was the expert and she prepared a damages analysis and even communicated with Richard Hamlish concerning the case. (Barbis Decl., para. 7; Luna Decl., para. 3.). Second, at the Pretrial Conference, when faced with the fact that he failed to designate an expert, Richard Hamlish did not ask for relief or even notify the court that his clients had retained an expert. He instead asserted, most likely to cover his embarrassment, that he would put his clients on the stand to testify as to damages. (Transcript of Pretrial Conference, 4:20-7:12, attached as Exhibit A to the declaration of Stephen Pass.)

Richard Hamlish's conduct goes far beyond negligence. His conduct is beyond gross negligence. His conduct is egregious and amounts to fraud upon his clients![1]

Defendant's Opposition also completely fails to address the cases of *Zertuche v. the County of Santa Clara*, 2013 U.S. Dist. LEXIS 113533 (N.D. Cal. 2013) and *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240 (9th Cir. 2012). Both cases are the most analogous to the instant set of facts and call for a degree of leniency when the penalty for denying the motion is harsh and especially when the issue of the need for an expert has been disclosed and there is no trial date. In the instant case, Plaintiff's counsel notified opposing counsel and the court that Plaintiff intended to file a motion to add an expert at the Scheduling Conference when there was no trial date in place. Those facts are in very similarity to those described in *Zertuche*.

---

[1] It should be noted that Plaintiff ordered the transcript of the Pretrial Conference which was transcribed and filed with the court on December 21, 2015 (after the filing of this motion). Plaintiff had no information concerning what their attorney said at the conference and ordered the transcript for that reason. The transcript confirms the egregious conduct on the part of Richard Hamlish.

00034941.v1

2

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony**

Defendant has also failed to provide a factual or legal basis for why the defendant cannot depose Plaintiff's proposed expert and retain his own damages expert given the fact that trial is eight months in the future. Clearly, the retention of a damages expert in a case requesting damages relating to lost business income is not prejudicial; rather, it is a legal necessity.

Under the Federal Rules of Civil Procedure Rule 16, this Court is permitted to use wide discretion in allowing a modification to a scheduling order. Indeed, Under Rule 16(b)(4), a schedule may be modified only "for good cause and the judges consent." In this case "good cause" is clear; the motion to modify is to prevent Plaintiff's prior counsel from causing irreparable harm to their case.

## II

## SUPPLEMENTAL RELEVANT FACTUAL BACKGROUND

Defendant questions the veracity of Mr. Barbis' declaration concerning his mental condition. To put the issue to rest, Plaintiff submits the Social Security Administration Office of Disability Adjudication and Review Decision which found Mr. Barbis legally disabled from October 8, 2011 to August 31, 2014 (the "**Decision**") A true and correct copy of the Decision is attached as Exhibit A to Plaintiff's Request for Judicial Notice.

## III

## ARGUMENT

**A.    Prior Counsel's Behavior Amounts to Gross Negligence Which Amounts to an Extraordinary Circumstance Justifying Granting of Plaintiff's Motion.**

Defendants contend in their opposition that in order to justify modification of a scheduling order or pre-trial order Plaintiff must show extraordinary circumstances such as gross negligence or other egregious conduct by prior counsel "which rendered them unable to prosecute their case," citing to *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). As a preliminary matter, this characterization of the holding in *Cmty. Dental Servs*. goes too far in suggesting that the party seeking relief must show the gross negligence or egregious conduct rendered the party unable to prosecute their case. Instead, in *Cmty. Dental Servs*. the court holds only that "an attorney's gross negligence may constitute 'extraordinary circumstances . . ..'" and

00034941.v1

3

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony**

refers to the result that "an innocent party is forced to suffer drastic consequences." (*Ibid*.) A review of Plaintiff's prior counsels' decision not to designate an expert in this matter justifies relief under this standard.

First, from a general and basic perspective. The damages in this matter are not straightforward. To the contrary, and why Ms. Luna's input is critical, the damages in this case require detailed and complicated analysis of monetary losses that go years in to the future. The notion of not designating an expert to opine on damages in a case such as this is more than just mere negligence. If Plaintiff is unable to provide an expert opinion regarding the damages in this case, the rest of the case meaningless. Further, in just about every civil action, damages are an essential component to the case, without them what relief is there and what purpose does the complaint serve? In this case, where the damages component is complicated, the designation of an expert was essential and the decision not to designate should amount to gross negligence.

Next, in their Opposition Defendants make the argument that Plaintiff's prior counsel made a judgment call in not designating an expert without, of course, explaining what "judgment" that might be. Defendants state "it is evident that Mr. Hamlish's non-disclosure of experts was intentional." Or in other words, Mr. Hamlish made a tactical decision not to designate an expert, which in the eyes of the defense is mere negligence, similar to an attorney missing a deadline or statute. This contention that the present situation is merely a difference in opinion between Plaintiff's current counsel and former counsel on the theory of the case is disingenuous.

While the decision not to designate, or request relief to designate, at the June 23, 2013 Pretrial Conference was clearly a conscious decision, the issue the defense glosses over is that Mr. Hamlish had already missed the deadline to designate which was on November 9, 2012. However, Ms. Luna was retained by Plaintiff in March of 2012, some 7 months before the deadline, to calculate damages relating to the loss of its investment in the Granite Park Investment which is the source of Plaintiff's damages in this case. (Luna Decl. Para 3.) Thus, the underlying facts of this case include an attorney retaining an expert, Plaintiff paying for the expert, but then, as a result of the attorney's conduct, rendering that very expert unable to testify

00034941.v1

4

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony**

such that the damages component of Plaintiff's case becomes extraordinarily more difficult to not just calculate but to prove.  Essentially, Hamlish's failure to designate an expert by November 9, 2012 has the potential to completely derail Plaintiff's entire case and but for Plaintiff retaining new counsel it likely would have.  Defendants wish to call this failure mere negligence as opposed to gross negligence or egregious conduct.

The concept of gross negligence is often times described as conduct that shows serious disregard of or indifference to an obvious risk. *Philips v. United States IRS*, 73 F.3d 939 (9th Cir. 1996).  In this particular case, regardless of whether the failure to designate Ms. Luna was intentional act by Mr. Hamlish it was still, given the manner and severity of the decision, grossly negligent at the least as any competent attorney should have understood the risks involved in failing to designate such an expert for such a case.  Therefore, the assertion that the decision was "intentional," apparently as opposed to "accidental," it was made despite the attorney's knowledge of the risks involved and was grossly negligent and even egregious.  The suggestion that the failure was "mere" negligence given the circumstances of the failure, including, that Ms. Luna had already been retained to testify to the damages, and taking into account the fact that Ms. Luna's testimony was (and is) essential to Plaintiff's case, cannot be sustained and relief should be accorded Plaintiff for the gross negligence and egregious failure of the prior attorney to protect its interests.

**B.     Plaintiff is Entitled to Relief Due to the Fact That They Can Provide "Good Cause" as Required Under Federal Rules of Civil Procedure, Rule 16.**

This Court is authorized by statute to modify a Scheduling Order and/or Pretrial Order pursuant to the Federal Rules of Civil Procedure Rule 16(b)(4).  Under the statute, the moving party must show "good cause" which then allows the court to exercise its discretion to modify its prior order.  The finding of good cause can be determined by analyzing the diligence of the moving party. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, could the moving party comply with the order without the modification?  In this case, the moving party clearly cannot comply with the existing order since the deadline has already passed. As will be discussed below, this issue will lead us into the negligence of Plaintiff's prior

00034941.v1

5

Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony

counsel and whether that negligence should be imputed to Plaintiff. Within the realm of good cause are circumstances here which permit the modification of the order. These are "extraordinary circumstances" or to prevent manifest injustice. *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group Inc*., 116 F.R.D. 363 (M.D.N.C. 1987); *Otero v. Buslee*, 695 F.2d. 1244 (10th Cir. 1982).

In *Johnson v. Mammoth Recreations*, 975 F.2d 604, relied on by Defendants, the moving party was unable to modify a scheduling order because "extraordinary circumstances" were not shown. The general facts in *Johnson*, and cases cited in regards to imputed negligence, are that of an attorney who failed to amend the complaint to add a cause of action before the deadline in the Scheduling Order. The denial was based on the notion that the attorney needed to show more than mere "carelessness" to modify the order. Such carelessness was imputed to the client. A distinction in our case from each case cited by Defendants, in addition to the fact, as discussed above, that this is not a mere carelessness but an act of gross negligence, is that Mr. Barbis was diagnosed with a mental condition that interfered with the attorney client relationship. This fact, when considered in conjunction with the acts of prior counsel, as discussed above, create "good cause" and should be considered as an "extraordinary circumstance" which justify the requested relief.

As stated above, the context of good cause is rooted in the diligence of the moving party to comply with the Scheduling Order. In this case Plaintiff's compliance with the order cannot be satisfied since the deadline has passed. Defendants' contention that Plaintiff should not be allowed to modify an order because the negligence of their prior attorney must be imputed to the clients, as discussed above, does not apply in the extraordinary circumstances present here. Moreover, as even Defendants recognize, the circumstances of gross attorney negligence or egregious conduct sever the link of imputation. *Link v. Wabash* R. Co. 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed2d 734 (1962), cited to by Defendants does not require a different outcome as explained in *Cmty. Dental Servs. v. Tani*, discussed above. 282 F.3d at 1170. This notion of extraordinary circumstances is especially relevant in this case as not only was the representative of Plaintiff, Mr. Barbis, kept in the dark about the situation but his mental condition prevented

00034941.v1

6

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order
to Allow Plaintiff to Designate Expert Testimony**

1  (or at least hindered) him from securing notice of all the facts in the case and acting to preserve
2  Plaintiff's rights. See 282 F.3d at 1171.

3  The notion that an attorney's negligence is not always imputed to the client, as discussed
4  in *Cmty. Dental Servs.* is similarly addressed in *United States v. Cirami*, 563 F.2d 26 (2nd Cir.
5  1977), a case in which the default was not the result of (the lawyer) taking on too many cases or
6  failure to give proper attention to the case question, but was instead engendered by a mental
7  illness which manifested itself to his client only after they had relied on him for months.  The
8  present situation is similar in the respect that there was a mental illness involved, albeit not the
9  attorney, that was present which had a detrimental impact on the attorney-client relationship and
10 here, as in *Cirami*, there is an extraordinary circumstance.  In *Cirami* the circumstance was a
11 mentally incompetent lawyer who was nevertheless able to maintain a façade of competence that
12 assured the clients.  In this case, we have a client who was competent and perhaps even more
13 importantly intimately involved in the case who thereafter became incapable of maintaining his
14 involvement in the case.

15 Further, the decision in *Cirami* also took into consideration the conduct of the clients (in
16 addition to the conduct of their attorney).  The court noted that the clients alleged reasonable
17 attempts made by them, as well as others on their behalf to stay in contact with the attorney (the
18 negligence was the attorney's failure to appear at a pretrial conference which resulted in the
19 dismissal of the case). In other words, the court noted that the clients made repeated attempts to
20 make sure or to remind their attorney to appear at the pretrial conference.  The court stated,
21 "Certainly their (the clients) conduct is not explainable as 'inadvertence, indifference, or careless
22 disregard of consequences, quite the contrary, their allegations set up an extraordinary situation
23 which cannot fairly or logically be classified as mere neglect on their part." (*Ibid.*).  The case
24 here is similar as Mr. Barbis' conduct is also not explainable as careless disregard of the
25 consequences for not complying with the scheduling order. Rather, due to Mr. Barbis' medical
26 condition, he was unable to conform to the standard articulated in *Cirami.*

27 In other words, the comparison is this, in *Cirami* the clients were essentially mislead by
28 an attorney who was found to have been mentally incompetent which clearly resulted in having

00034941.v1
7
**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order**
**to Allow Plaintiff to Designate Expert Testimony**

an adverse effect on the attorney client relationship, which resulted in the case beings dismissed. Such a string of events was considered to be (by the *Cirami* court) an extraordinary circumstance (and a manifest of injustice).  Here, the client was determined to be suffering from PTSD (a disability that manifested itself during the attorney client relationship) which resulted in a breakdown of the attorney client relationship (especially in this case considering the high level of Mr. Barbis' involvement).  Thus, in light of Mr. Hamlish's failure, the inability of the client in this case to participate in an action that actually required his input and involvement due to a handicap that became an issue during the litigation is an extraordinary circumstance.  The injustice in the event Plaintiff cannot modify the scheduling order and its case will suffer due to an event or a development that arguably would not have occurred but for Mr. Barbis' medical condition. Mr. Barbis was not just another passive client going along with whatever the attorney advised, rather his participation was essential.  Therefore, his loss, due to a medical condition during the litigation was an extraordinary circumstance.

Further, in addition to the "good cause" requirement under FRCP 16(b) the courts must also take into consideration any potential prejudice to the non-moving party before deciding whether to amend a scheduling order. *Leary v. Daeshner* 349 F.3d 888 (6th Cir. 2003). Defendants raised this issue in their Opposition presumably to prove the point that by modifying the Order the defense will have an additional issue to address or defend.  However, the notion that such a modification will prejudice Defendant is a bit extreme.  Essentially, Plaintiff is seeking a modification to allow an expert to provide a damages analysis in a case in which the Plaintiff is seeking damages.  How such a development will change the entire character of the case is beyond comprehension.  To the contrary, expecting Plaintiff to put on a case without a damages expert would be much more prejudicial.  Even with that being said, and as stated in Plaintiff's motion, Plaintiff's current counsel raised the issue designating an expert before a trial date was even set.

///

///

///

00034941.v1

8

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order**
**to Allow Plaintiff to Designate Expert Testimony**

**CONCLUSION**

For the reasons stated above, the Zone respectfully requests that this court grant the requested relief on terms that are just to the parties involved.

Respectfully submitted,


RUMMONDS, THORNTON & LAPCEVIC


Dated: December 30, 2015                By   /s/ Douglas V. Thornton
                                        DOUGLAS V. THORNTON
                                        Attorneys for the Plaintiffs

00034941.v1

9

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order to Allow Plaintiff to Designate Expert Testimony**

# CERTIFICATE OF SERVICE

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 1725 N. Fine Avenue, Fresno, California 93717.

On December 30, 2015, I served the document(s) described as: **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND/OR PRETRIAL ORDER TO ALLOW PLAINTIFF TO DESIGNATE EXPERT TESTIMONY** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) and/or package(s) addressed as follows:

Bruce Daniel Praet  
Ferguson Praet and Sherman  
1631 E. 18th Street  
Santa Ana, CA 92705-7101  

Michael L. Bean  
Smith Smith & Feeley LLP  
16330 Bake Parkway  
Irvine, CA 92618  

Victoria C. Geary  
State Board of Equalization  
450 N Street, MIC: 82  
Sacramento, CA 95814  

Peter Anthony Meshot  
Stephen Charles Pass  
Office of the Attorney General  
1300 I Street  
Sacramento, CA 95814  

Arthur A. Small, Esq.  
7540 Shoreline Drive, Ste C  
Stockton, CA 95219  

☒ **BY ELECTRONIC MAIL:** By filing electronically with the U.S. District Court, Eastern Division, and opting to receive service by electronic mail, service of this document is hereby deemed served.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2015, at Fresno, California.

                                                       **/s/ Christy Reed**  
                                                       Christy Reed

00034941.v1

10

**Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order and/or Pretrial Order to Allow Plaintiff to Designate Expert Testimony**