# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONE SPORTS CENTER, LLC, a California limited liability corporation; HEIDI BARBIS, as guardian ad litem for CLAIRE BARBIS, a minor,<br><br>Plaintiffs,<br>v.<br>BEN RODRIGUEZ, an individual,<br>Defendant.<br>_____/ | Case No.  1:11-cv-00622-SKO<br><br>**ORDER ON PLAINTIFF ZONE SPORTS, LLC'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 186) |

## I. INTRODUCTION

Plaintiffs Zone Sports Center, LLC ("Zone") and Claire Barbis, by and through her guardian ad litem Heidi Barbis (collectively, "Plaintiffs"), filed this civil rights suit against Defendant Benjamin Rodriquez ("Defendant") pursuant to 42 U.S.C. § 1983.  On July 26, 2016, the Court entered an Order finding that Zone does not have standing under the Fourth Amendment as to any of the four properties searched on May 28, 2009, pursuant to a warrant supported by Defendant's affidavit, and dismissed Zone from the case.  (Doc. 180.)  Zone filed a Motion for Reconsideration on July 29, 2016.  (Doc. 186.)  On August 3, 2016, Defendant filed his opposition, and on August 5, 2016, Zone filed its reply.  (Docs. 191; 192.)  The Court held a hearing on August 15, 2016, at which Douglas Thornton, Esq., appeared on behalf of Zone, and Stephen Pass, Esq., appeared by telephone on behalf of Defendant.  (Doc. 193.)  For the reasons set forth below, the Court GRANTS the Motion for Reconsideration.

//

## II. BACKGROUND

**A.  Factual Background**

On May 27, 2009, Defendant, a criminal investigator for the California Department of Insurance Fraud, sought a search warrant for 2536 W. Stuart Avenue, Fresno, CA 93711, the Barbises' residence, among three other locations.[1]  The warrant was signed by a Superior Court Judge, based upon a Statement of Probable Cause submitted by Defendant, and sought to seize various pieces of electronic equipment and various types of business records.  On May 28, 2009, at approximately 7:30 a.m., the search warrant was executed at all four locations.

**B.  Procedural Background**

The amended complaint (currently the live pleading) listed the following Plaintiffs: Milton Barbis; Heidi Barbis; their daughter, Claire Barbis; Fresno Rock Taco, LLC; The Fine Irishman, LLC; and Zone Sports Center, LLC.  The Court dismissed the claims of Milton and Heidi Barbis, Fresno Rock Taco, and The Fine Irishman.  (Docs. 35; 64.)  The Court also dismissed all claims against defendants Detective Rhames and the City of Fresno.  (Doc. 64.)

Zone was not dismissed from the complaint because the Court found a genuine dispute remained as to whether it was judicially estopped from bringing its claims.[2]  (Doc. 64, p. 6.)  At this time, the only remaining claims in this case are Plaintiff's' claims under 42 U.S.C. § 1983 for violation of the Fourth Amendment.

**1.  The Court's Order Dismissing Milton Barbis**

On November 1, 2011, the Court dismissed the claims of Milton and Heidi Barbis, Fresno

---

[1] Those other locations are: 3950 N. Cedar Avenue, Fresno, CA 93711 (a business); 4020 N. Cedar Avenue, Fresno, CA 93711(a business); and 4000 N. Cedar Avenue, Fresno, CA 93711 (a storage building.)

[2] The Court found:

> It is undisputed that Sphere Properties owns 89.79% of Zone Sports Center and that Granite Park Investors owns the other 10.21%. (Doc. 58-1, p. 3 ¶ 7, 11). It is further undisputed that Mr. Barbis owns 22% of Sphere Properties and failed to disclose Zone Sports Center's claims to his creditors when he filed for bankruptcy.  It is also undisputed that Mr. Benjamin owns 16.6% of Granite Park Investors and Howard Young owns 12% of the company.  It is further undisputed that both Mr. Benjamin and Mr. Young failed to disclose Zone Sports Center's claims to their creditors when they filed for bankruptcy.  Although it is undisputed that three of Zone Sports Center's owners failed to disclose Zone Sports Center's claims to their creditors when they filed for bankruptcy it is unclear as to who [sic] the other investors are and whether they are judicially estopped from bringing Zone Sports Center's claims.  Accordingly, Zone Sports Center is not judicially estopped from bringing its claims in the instant action.

Rock Taco, and The Fine Irishman because those claims were not disclosed to the bankruptcy trustee as required by law.  (*See* Doc. 35 ("Under *Hamilton* [*v. State Farm Fire & Cas. Co.* 270 F.3d 778, 783 (9th Cir. 2001)], Plaintiffs [Milton and Heidi Barbis] were required to disclose the claims to their creditors and failed to do so.  Because of this failure, they are judicially estopped from pursuing their claims in this court.")  The Court left open the question of whether the judicial estoppel of Milton and Heidi Barbis would also judicially estop Zone on a "more complete record":

> One issue remains.  Only Milton and Heidi Barbis filed for bankruptcy.  Defendants argue that, like Milton and Heidi Barbis, Fresno Rock Taco, LLC, Zone Sports Center, LLC, and the Fine Irishman, LLC (the "LLC Plaintiffs") should be judicially estopped from bringing the present claims in this Court.  *See* Doc. 15 at 5-6.  The Bankruptcy Docket indicates Milton Barbis was "doing business as" all three LLC Plaintiffs.  *See* 1:09-bk-60548 Docket.  In addition, Plaintiffs admit that the Barbis' [sic] bankruptcy petition listed the three LLC Plaintiffs as assets of the estate with "No Cash Value."  Doc. 13 at 5.  Although Milton and Heidi Barbis would arguably be judicially estopped from asserting claims on behalf of the LLC Plaintiffs because the Barbis' failed to amend their own bankruptcy schedules to indicate that the LLC Plaintiffs possessed a potentially valuable asset (the claims in this case), Defendants provide no legal authority to support an extension of judicial estoppels to the LLC Plaintiffs themselves.  According to their bankruptcy petition, see 1:09-bk-60548 Doc. 1 at Schedule B, Milton and Heidi Barbis control only 25% of the stock in each of these LLCs.  (Presumably, others hold the remaining 75% interest.)  The LLCs, which arguably have independent standing to bring Section 1983 civil rights claims, *see Club Retro, LLC v. Hilton*, 568 F.3d 181, 196 (5th Cir. 2009), themselves made no representations in the bankruptcy court and therefore are not per se judicially estopped from bringing the claims in this case by virtue of Milton and Heidi Barbis' conduct.  This ruling is without prejudice to a Federal Rule of Civil Procedure 56 challenge to the LLCs' standing based on a more complete record.

(Doc. 35, p. 10-11.)

### 2. The Court's Order Dismissing Zone

Following the pretrial conference held June 23, 2016, the Court *sua sponte* ordered the parties to brief "the dispositive issue of [Zone's] standing to pursue a Fourth Amendment violation against Defendant []."  (Doc. 166, 1:25-28.)  The Court ordered that the briefing "specifically address[] [Zone's] standing to claim a Fourth Amendment as to the search warrant and the search of each of the following properties pursuant to the warrant: (i) 2536 W. Stuart Avenue, Fresno,

CA 93711; (ii) 3950 N. Cedar Avenue, Fresno, CA 93711; (iii) 4020 N. Cedar Avenue, Fresno, CA 93711; and (iv) 4000 N. Cedar Avenue, Fresno, CA 93711." (*Id.,* 2:5-12.)

On July 8, 2016, Zone filed its "Brief Re Standing," in which it contended that Zone has standing to assert a violation of the Fourth Amendment for the unreasonable search and seizure of the Zone office, which is located in the Barbises' residence, because Zone had a legitimate expectation of privacy in the office, notwithstanding its location within a residence.[3] (Doc. 172, 7:11-9:14.) In his Opposition, Defendant contended that Zone had no reasonable expectation of privacy in the office located in the Barbises' residence because there is no evidence that Zone had any ownership or control of the office or the items seized from it. (Doc. 173, 5:11-6:23.)

On July 26, 2016, the Court entered its Order finding that Zone lacked standing to assert a violation of the Fourth Amendment based on the search and seizure of the office located in the Barbises' residence. (Doc. 180.) In its Order, the Court held that because Mr. Barbis, Zone's manager and "the sole individual . . . responsible for all company matters," had been previously found by this Court to be judicially estopped from pursuing his Fourth Amendment claims in his individual capacity and therefore dismissed from the action, there was no "human agent" to act on Zone's behalf through whom Zone's Fourth Amendment rights could be established. (Doc. 180, 7:11-8:4.)

### 3. Zone's Motion for Reconsideration

Presently before the Court is Zone's Motion for Reconsideration under Fed. R. Civ. P. 59(e), 60(b), and Rule 230(j) of the Local Rules of the United States District Court, Eastern District of California. (Doc. 186.) In it, Zone contends that the Court "committed clear error in finding that [Zone] does not have Fourth Amendment Standing [sic] to assert its own Constitutional rights without the presence of a 'human' co-plaintiff that is a representative of [Zone]." (Doc. 186, 4:3-8.) In its opposition to the Motion, Defendant asserts that the Court's decision was not clearly erroneous because it correctly found that Zone did not exercise control

---

[3] Zone conceded it does not have standing to challenge the search of the other three locations covered by the search warrant. (Doc. 172, p. 7).

over the office located in the Barbises' residence and therefore lacked standing to assert a Fourth Amendment violation of the search and seizure at that location. (Doc. 191, 2:5-27.)

On August 15, 2016, the Court held a hearing on Zone's Motion for Reconsideration. At the hearing, Zone noted that this case presents a "novel" issue, and both parties agreed that the Court's November 1, 2011, Order finding Milton Barbis judicially estopped from asserting Fourth Amendment claims on his own behalf did not preclude Mr. Barbis from presenting evidence to establish Zone's Fourth Amendment right in the office located in the Barbises' residence. Defendant further observed that, had there been a finding that Zone was the alter ego of Mr. Barbis, Defendant's position would be that Zone would be precluded from asserting its Fourth Amendment claims by virtue of Mr. Barbis' prior estoppel.

### III.   MOTION FOR RECONSIDERATION STANDARD

Since Zone filed its Motion for Reconsideration within twenty-eight days after entry of the Court's judgment, it "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)[,]" rather than a "motion for relief from a judgment or order" under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir.2001) (applying Rule 59(e)'s ten day deadline before its 2009 amendment to twenty-eight days) (citation omitted).

Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

//

## IV. DISCUSSION

Zone's argument that the Court committed clear error in finding that Zone does not have standing under the Fourth Amendment is predicated on a misunderstanding of the Court's Order. It is well-established that a business entity has a Fourth Amendment right against unreasonable searches and seizures. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977). The Court did not hold that Zone's ability to assert this Fourth Amendment right is "dependent on the presence of a natural person as a co-party." (Doc. 192, 2:25-27.) Instead, the question before the Court, and what the Court decided, was whether Zone could proceed to establish its Fourth Amendment right in the office in the Barbises' residence where the sole "human agent" of Zone, Milton Barbis, had been previously judicially estopped from asserting his own Fourth Amendment claim and dismissed from the case.

The question of the preclusive effect of the Court's November 11, 2011, Order, if any, on Zone's standing was not addressed in either the parties' original briefing on the standing issue or the briefing on the Motion for Reconsideration. Indeed, the parties' briefing regarding the standing issue concerned *whether* Zone had a legitimate expectation of privacy in the office in the Barbises' residence, and not *who* – given Mr. Barbis's estoppel – could establish that legitimate expectation of privacy on behalf of Zone, a corporate entity.

At the hearing, however, the parties addressed – for the first time – the issue of the preclusive effect of the Court's November 1, 2011, Order, and both sides agreed that the Order did not prevent Zone from asserting its right under the Fourth Amendment, even where the sole "human voice" to establish Zone's right to relief would be Mr. Barbis. The parties offered no legal argument or authority for their position, however. And, despite Defendant's observation at the hearing, there has been no argument – much less a finding – that Zone is the alter ego of Mr. Barbis such that Mr. Barbis's judicial estoppel should also estop Zone.

As the November 1, 2011, Order itself states, the question of whether Zone is precluded and therefore lacks standing to assert its Fourth Amendment right as to the office in the Barbises' residence by virtue of Mr. Barbis's preclusion was left open to be determined "on a more complete record." (Doc. 35, p. 11.) On this record, and in view of the parties' failure to address adequately

and to present legal authority directed to the question before the Court, the Court cannot conclude it committed "clear error." *See 389 Orange Street Partners*, 179 F.3d at 665.

However, given the unique and highly unusual posture of this case, and in view of the strong public policy of adjudicating cases on the merits, *see, e.g., Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court will exercise its "considerable discretion" and GRANT Zone's Motion for Reconsideration. *See Allstate Ins. Co.,* 634 F.3d at 1111.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Zone Sports Center, LLC's Motion for Reconsideration (Doc. 186) is GRANTED.  IT IS FURTHER ORDERED that the Judgment entered July 26, 2016 (Doc. 181), is HEREBY VACATED.

IT IS SO ORDERED.

Dated:   **August 16, 2016**                                  /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE