# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZONE SPORTS CENTER, LLC, a California limited liability corporation; HEIDI BARBIS, as guardian ad litem for CLAIRE BARBIS, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BEN RODRIGUEZ, an individual,<br><br>Defendant. | Case No. 1:11-cv-00622-SKO<br><br>**ORDER ON PARTIES' MOTIONS IN LIMINE**<br><br>(Docs. 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 220) |

The Court conducted a hearing on the parties' Motions in Limine on September 22, 2016. Plaintiffs Zone Sports Center, LLC ("Zone") and Heidi Barbis as guardian ad litem for Claire Barbis ("Barbis") (collectively "Plaintiffs") appeared personally through their counsel, Douglas Thornton, Esq., and Robert Branch, Esq., and Defendant Ben Rodriguez ("Defendant") appeared through his counsel Alberto Gonzalez, Esq., and Peter Meshot, Esq.

**A.  Plaintiffs' Motions In Limine**

As set forth on the record in open court, the ruling on Plaintiffs' Motions in Limine ("MIL") are as follows:

1.  Plaintiffs' MIL No. 1 to exclude expert testimony is GRANTED.

2.  Plaintiffs' MIL No. 2 to exclude the testimony of Michael Harmon and "Information Report" of an interview of Michael Harmon is GRANTED IN PART and DENIED IN PART. The Information Report is hearsay and is excluded. The statements in the report made by agents of Zone, however, are not hearsay under Fed. R. Evid. 801(d)(2).

3.  Plaintiffs' MIL No. 3 to exclude the taped interviews of Alex Costa, Paul Binder,

Ryan Peters, John Montgomery, Michelle Maloney McBroom, Robert Taul, Kevin Keogh, Sarah Borjas, Roger Brown, Nick Ditto and Jacob Uribe is MOOT, and Plaintiffs' request for an adverse inference jury instruction is DENIED.

4. Plaintiffs' MIL No. 4 to exclude evidence of payment of damages from a collateral source is GRANTED with respect to any payment of damages awarded in *Fresno Rock Taco, LLC v. National Surety Corporation*, No. 1:11-cv-00845-SKO, in the United States District Court for the Eastern District of California, Fresno Division. Such payment of damages is irrelevant and therefore not admissible. *See* Fed. R. Evid. 401 and 402.

5. Plaintiffs' MIL No. 5 to permit Plaintiffs to provide a copy of the Search Warrant, Affidavit and Statement of Probable Cause to each juror in the once the document has been admitted into evidence is GRANTED. As with any other document published to the jurors, this document shall include any and all appropriate redactions based on the Court's ruling on any objections.

6. Plaintiffs' MIL No. 6 to exclude "Attachment A," which, although referenced as such, was not attached to the Search Warrant, Affidavit and Statement of Probable Cause is GRANTED IN PART and DENIED IN PART. Evidence of "Attachment A," and the documents that comprise it, are excluded only to the extent they are offered as evidence that they were used to support obtaining the Search Warrant.

7. Plaintiffs' MIL No. 7 to exclude evidence of, testimony concerning, or reference to High Speed Development LLC is DENIED. Such evidence is admissible <u>only</u> to the extent it is relevant to the search of the Barbis residence for materials relating to Zone.

The Court notes that, in addition to High Speed Development LLC, there are five (5) other target entities discussed in the Search Warrant that are not parties to this action: "The Granite Park Kids Foundation"; "Granite Park Food and Beverage doing business as Home Plate Bar and Grill": "ECCO Food and Entertainment Group LLC"; "Fresno Rock Taco LLC doing business as Cabo Wabo Cantina"; and "The Fine Irishman LLC doing business as the Public House."[1] (Doc.

---

[1] Fresno Rock Taco, LLC and The Fine Irishman, LLC were originally named as plaintiffs, but were dismissed on summary judgment. (*See* Doc. 64.)

219, Ex. A, p. 3.) The Court further notes that, in addition to the Barbis residence (located at 2536 W. Stuart Avenue, Fresno, CA 93711), there are three (3) other target locations identified in the Search Warrant: 3950 N. Cedar Avenue, Fresno, CA 93711; 4020 N. Cedar Avenue, Fresno, CA 93711; and 4000 N. Cedar Avenue, Fresno, CA 93711. As to these three locations, Plaintiffs have abandoned their claims of unlawful search and seizure. (*See* Doc. 172, p. 7 ("Although [Zone] is not asserting standing as to the locations other than the [Zone] Office in the Barbis Home . . . ."); Doc. 214, p. 5 ("[T]he evidence as it relates to the Search Warrant as a whole is relevant to the extent that it relates to the ***only location in issue, the Barbis Residence.")*** (emphasis added).

The parties are cautioned that evidence, testimony, or argument concerning these entities and locations is admissible <u>only</u> to the extent that it is relevant to the search of the Barbis residence for materials relating to Zone.

    8. Plaintiffs' MIL No. 8 to exclude witnesses from the courtroom pursuant to Fed. R. Evid. 615 is GRANTED.

    9. Plaintiffs' MIL No. 9 to exclude evidence of, testimony concerning, or reference to the theft of fencing material and its report to insurance is DENIED. Such evidence is admissible <u>only</u> to the extent it is relevant to the search of the Barbis residence for materials relating to Zone.

    10. Plaintiffs' MIL No. 10 to exclude evidence of an audio taping of an interview of Milton Barbis during the execution of the Search Warrant is DENIED.

    11. Plaintiffs' MIL No. 11 to exclude evidence, testimony, reference, or any argument that Zone is the parent entity of The Fine Irishman, LLC and Fresno Rock Taco, LLC, or that Zone is owned by Milton Barbis, and for an jury instruction that these facts set forth in the Statement of Probable Cause are false, is DENIED.

**B.     Defendant's Motions in Limine**

    1. Defendant's MIL No. 1 to exclude evidence as to the scope of the search of the Barbis residence is GRANTED, in view of Judge O'Neill's ruling that "the search of the Barbis' home did not exceed the scope of the warrant." (Doc. 64, 11:1-2.)

    2. Defendant's MIL No. 2 to exclude evidence of the threatened use of a flashlight during the search of the Barbis residence is DENIED.

3. Defendant's MIL No. 3 to exclude evidence, testimony, or any argument that the three (3) statements attributed to Detective Brendan Rhames in the Affidavit in support of the Search Warrant based on information from Alex Costa were material to the finding of probable cause is GRANTED, in view of Judge O'Neill's ruling that the statements "were not material to the finding of probable cause." (Doc. 64, 8:17-9:13.)

4. Defendant's MIL No. 4 to exclude evidence, testimony, or any argument that Claire Barbis's claims are governed by the Fourteenth Amendment is GRANTED, in view of Judge O'Neill's ruling that Barbis's illegal seizure claim "is governed by the Fourth Amendment rather than general procedural and substantive due process" under the Fourteenth Amendment. (Doc. 64, 11:18-20.)

5. Defendant's MIL No. 5 to exclude expert witness opinion testimony is GRANTED IN PART and DENIED IN PART, as follows:

    a. Plaintiffs are precluded from offering lay witness opinion testimony that is "based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid] 702." Fed. R. Evid. 701;

    b. Plaintiffs are precluded from offering lay witness opinion testimony based on the expert report of Barbara Luna;

    c. Mr. Barbis is not precluded from providing lay witness opinion testimony concerning Zone's alleged damages, so long as his testimony is not based on Ms. Luna's report (or any other inadmissible evidence) and complies with Fed. R. Evid. 701. (*See* Fed. R. Evid. 701 advisory committee's note to 2000 amendment); and

    d. Plaintiffs are not precluded from offering lay witness opinion testimony concerning accepted police professional standards, practices and procedures for preparing search warrant applications, as long as such testimony complies with Fed. R. Evid. 701.

6. Defendant's MIL No. 6 to exclude evidence, testimony, or any argument concerning the result of Defendant's criminal investigation is GRANTED.

7. Defendant's MIL No. 7 to exclude evidence, testimony, or any argument that the taped interviews of Alex Costa, Paul Binder, Ryan Peters, John Montgomery, Michelle Maloney

McBroom, Robert Taul, Kevin Keogh, Sarah Borjas, Roger Brown, Nick Ditto and Jacob Uribe were destroyed, and that Plaintiffs are entitled to an adverse inference jury instruction as a result, is GRANTED in PART, as follows:

    a.    Defendant's request to exclude evidence, testimony, or any argument that the taped interviews of Alex Costa, Paul Binder, Ryan Peters, John Montgomery, Michelle Maloney McBroom, Robert Taul, Kevin Keogh, Sarah Borjas, Roger Brown, Nick Ditto and Jacob Uribe were destroyed is DEFERRED until trial; and

    b.    Defendant's request to exclude evidence, testimony, or any argument that the destruction of these taped interviews entitles Plaintiffs to an adverse inference jury instruction (or any other sanction) is GRANTED.

8. Defendant's MIL No. 8 to exclude evidence, testimony, or any argument concerning the damages Zone allegedly suffered as a result of an interruption in its business is DENIED.

9. Defendant's MIL No. 9 to exclude evidence of the prior lawsuit styled *Fresno Rock Taco, LLC v. National Surety Corporation*, No. 1:11-cv-00845-SKO, in the United States District Court for the Eastern District of California, Fresno Division, is GRANTED.

10. Defendant's MIL No. 10 to permit Defendant to offer evidence that Plaintiffs failed to mitigate their claim of business loss damages by failing to comply with Cal. Penal Code § 1536.5 is DENIED.

IT IS SO ORDERED.

Dated:   **September 28, 2016**          /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE